### First National Bank of DeSmet v. Northwestern Elevator Co.

1. Section 4374, Comp. Laws, provides only for the manner and mode of a foreclosure by sale of personal property which has been mortgaged.

2. A sale of part of the property mortgaged does not discharge the lien on the mortgaged property unsold.

3. Until the debt for which the property was hypothecated is paid the mortgage lien continues, subject to the provisions of the statute.

4. Where a mortgagor has surreptitiously hidden, secreted or sold some of the property mortgaged, so that the mortgagee cannot find it, or make it available at the time of the foreclosure by sale of the property found, the mortgagee can assert his lien upon that property when found, either in the hands of the mortgagor or another person.   If found in the hands of a third person, he can demand possession of it, and, if not surrendered he can recover from the person who has the possession the value thereof to the extent of his interest.

5. A statutory provision requiring that a mortgage of personal property must be signed by the mortgagor in the presence of two persons who must sign as witnesses thereto, is met by the words "In the presence of," and signed by two persons as witnesses thereto. When a statute prescribes no precise form of words to be used in the certificate, it is sufficient if the words used have the same meaning, and are in substance the same, as was intended by the statute.

(Syllabus by the court.    Opinion filed December 9, 1893.)

Appeal from circuit court, Kingsbury county.   Hon. J. O. ANDREWS, Judge.

Action for conversion.    Plaintiff had judgment, and defendant appeals.    Affirmed.

The facts are stated in the opinion.

*Glass & Van Buskirk*, for appellant.

*A. P. Schenian* and *B. A. Dunlap*, for respondent.

BENNETT, P. J.    This is an action in conversion, wherein the plaintiff and respondent demands judgment against the appellant for the value of a certain amount of wheat which it is claimed was converted by it wrongfully and unlawfully.    In the court below the respondent obtained judgment for the value of the wheat claimed to have been converted.    From this judgment and the whole of it, the appellant appeals, and asks a reversal, because—First.   That the chattel mortgage under which the respondent claims the right to the value of the wheat converted had been at the commencement of the action foreclosed, and all the property mentioned in the mortgage, except the wheat in question, had been sold in such foreclosure proceedings.    Second.   Because the chattel mortgage under which the respondent claims the wheat is not a valid one, it not having been signed by the mortgagor in the presence of two witnesses, as required by the statute.   Third.    Because, before respondent can recover, it must show some wrongful and unlawful act on the part of appellant.

As to the first proposition, we are cited by the appellant to Section 4374, Comp. Laws, to support it, which reads as fol-

lows: "A chattel mortgage, when the conditions of the same have been broken, may be foreclosed by a sale of the mortgaged property upon notice and in the following manner." This section further provides what the notice shall contain. By an inspection of this section of the statute it will be seen that it provides only for the manner and mode of a foreclosure by sale of personal property which has been mortgaged. A mortgage is security for the payment of a debt. It is a contract by which specific property is hypothecated for the performance of an act without the necessity of a change of possession. It is also a lien upon everything that would pass by a grant of the property, and upon nothing more. It is a lien upon the property mortgaged in the hands of every one claiming under the mortgagor subsequently to its execution, except purchasers in good faith without notice and for value. See Sections 4346, 4356, 4357, Comp. Laws. The section of our statute above quoted says a chattel mortgage may be foreclosed by a sale of the mortgaged property;" not by a sale of part of it, but by a sale of all of it. One of the purposes of making a sale of mortgaged property is to ascertain its value as applicable to the mortgage debt. When a mortgagee takes possession under the mortgage and sells the property, the amount realized at the sale is conclusive on all the parties as to the value of the property, and the amount to be applied on the indebtedness. The sale only forecloses these questions, and cuts off the right which the mortgagor had of redeeming the property, if it is worth more than the debt, or leaving him liable for the residue if it is worthless. Until the debt which the property was hypothecated to secure is paid, the mortgage lien continues, subject to the provisions of the statute. Nothing but the actual payment of the debt or an express release will operate as a discharge of the mortgage. The lien lasts as long as the debt, if there is no release or a foreclosure by sale of all the property mentioned in the mortgage. In the case at bar the record shows that, after default in the conditions of the mortgage, the mortgagee

endeavored to take possession of the property described in the mortgage for the purpose of forec̄osing his lien. A portion of it could not be found, and a foreclosure was had upon such as was found. That is, the lien on that specific property was foreclosed. The wheat in question could not be found in the possession of the mortgagor, but it was afterwards ascertained that the defendant had taken it, and converted it to his own use, by mixing it with other wheat, which, upon demand, he refused to surrender. By this act of the mortgagor the mortgagee was prevented from offering this portion of the mortgaged property for sale, and was prevented from foreclosing his lien upon the wheat at the time he did upon the other property. The refusal of defendant to surrender the wheat upon demand, rendered it liable for the value of it at the time of conversion. Were it otherwise, the mortgage security would be in many instances materially diminished, and become worthless by the fraudulent and unlawful act of the mortgagor. As between the mortgagor and mortgagee, the property described in a chattel mortgage may rightfully remain in the possession of the mortgagor; but before the mortgagee takes possession of it the mortgagor may surreptitiously hide, secrete or sell some of the property, so that the mortgagee cannot find it, or make it available at the time of the foreclosure of the property found. Afterwards the balance of the property may be traced into the hands of another person, and when so found the mortgagee can assert his lien upon it and demand the possession of it; and, if it is not surrendered, he can recover from the party who has the possession the full value of it at the time of the conversion.

But the appellant insists that it was a purchaser of the wheat in good faith, without notice, and for value. The appellant does not deny that the respondent's chattel mortgage was filed in the office of the register of deeds, but only claims that the mortgage as filed was not a notice to them of any prior lien upon the wheat purchased by them of the mortgagor, because, on the face of the mortgage thus filed, it does not show that

the persons who signed the mortgage as witnessess certified that the mortgagor signed the instrument in the presence of them as subscribing witnesses, and that the register of deeds was not authorized to file the mortgage, and that, ever if filed, it did not give to it any notice of its contents, either actual or constructive. This position is untenable. The mortgage in question concludes as follows: "Witness my hand and seal this Jan. 12, 1888. W. H. Leonard. [Seal.] In presence of B. A. Dunlap, E. I. Innis." This is certainly all that is required in the witnessing of a chattel mortgage in order to entitle it to be filed in the office of the register of deeds in the county where the mortgaged property is situated. This is certainly enough to show that the parties in whose presence the mortgage was executed were witnesses to the same. The statutory provision requiring that a mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign as witnesses thereto, is met by the words, "In the presence of." When the statute makes it incumbent that the execution of an instrument should be executed in the presence of two persons as witnesses, but prescribes no precise form of words to be used in the certificate, it is sufficient if the words used have the same meaning, and are in substance the same, as was intended by the statute.

The appellant further contends that the burden of proof is upon the respondent to prove that the sale of the wheat in question to appellant was made by the mortgagor to appellant without the consent of the mortgagee. If this proposition were true it would be requiring of him to prove a negative. But it is not so. This is matter to be shown by appellant in justification of the taking. Having puschased property upon which existed a mortgage lien, the appellant, in order to justify the purchase, must show that that lien had been extinguished or discharged. Finding no error in the ruling of the court below, its judgment must be affirmed.