# A. E. ALBAUGH, Appellant, v. OSBORNE-McMILLAN ELEVATOR COMPANY, a Corporation, Respondent.

(205 N. W. 5.)

**Judgment — judgment on foreclosure of thresher's lien held not to prevent proceeding against elevator company for conversion of other grain covered by lien.**

When an elevator company files in a district court a sworn statement showing that it holds storage tickets for grain, which is claimed by different persons, and requests the court to appoint someone with whom said elevator company can deposit the storage tickets, and the court appoints the clerk of said court, and an action is brought to foreclose a lien claimed for threshing the grain, in which action the elevator company and all parties claiming an interest are made defendants, and the grain as shown by the sworn statement filed is more than enough to pay the thresher's lien, and the elevator company deposits tickets for a less amount than as stated in the sworn statement and not sufficient to pay the thresher's lien, the obtaining of a judgment in foreclosure and the sale and application of the proceeds of the grain upon the thresher's lien does not prevent plaintiff from proceeding against the elevator company for conversion of other grain covered by said lien.

Opinion filed August 6, 1925.

Actions, 1 C. J. § 275 p. 1106 n. 47; § 281 p. 1110 n. 85; § 294 p. 1115 n. 63, 64, 65, 66, 67. Judgments, 34 C. J. § 1245 p. 836 n. 85, 87, 91.

Appeal from order and judgment dismissing action in District Court, Stutsman County, *Coffey*, J.

Reversed and remanded.

*J. S. Carr*, for appellant.

A threshing debt is the basis of this action. In the eye of the law, the debt is one thing and its lien on given property another thing. The creditor may enforce both. The lien continues until the debt is paid or satisfied. Lambert v. Nicklass, 45 W. Va. 527, 44 L.R.A. 561, 72 Am. St. Rep. 828, 31 S. E. 941.

Liens are of too sacred a character to be divested or impaired by vague and uncertain implication. Both policy and morality require that they be sustained whenever it may be done without a violation of positive law. 17 R. C. L. § 5, p. 599.

53 N. Dak.—8.

A judgment must accord with and be warranted by the pleadings of the party in whose favor it was rendered; if it is not supported by the pleadings, it is fatally defective. Sutherland v. Beal, 12 N. D. 1922; Ramaly v. Ramaly, 69 Minn. 491, 72 N. W. 694.

The substantial effect of the actual decision is the only criterion of that judgment. Prondzwiski v. Gorbutt, 9 N. D. 239.

A judgment cannot be set up in bar of a subsequent action unless it was a final judgment on the merits adjudicating the rights in litigation in a conclusive and definitive manner. Denike v. Denike, 167 N. Y. 585, 60 N. E. 1110.

If the same evidence will not support both causes of action, they are not identical. Bell v. Merrifield, 109 N. Y. 202, 4 Am. St. Rep. 436.

That a judgment may operate as a bar to a second action and conclude the parties litigant in the first, there must be identity of the subject-matter, of the cause, of the persons and parties, and of the capacity in which the parties are litigants, or identity in the persons for or against whom the claim is made. 15 R. C. L. 429; Daney v. State, 31 L.R.A. 726; Rahr v. Wittman, 36 L.R.A.(N.S.) 392.

If different proofs would be required to sustain the two actions, a judgment in one is no bar to the other. Water Co. v. Hutchinson, 19 L.R.A.(N.S.) 219.

If a debt is of such a character that a lien is given by common law or statute the merger of judgment does not involve a merger of the lien, and the latter may continue until the debt is satisfied. Rossiter v. Merriman, 80 Kan. 739, 24 L.R.A.(N.S.) 1095, 104 Pac. 858.

*Combs & Ritchie,* for respondent.

A mere offer to prove the allegations of the complaint does not certainly advise the court so as to enable it to see what testimony is sought to be offered. 1 Thomp. Trial, p. 551; Farmer v. Holmes (N. D.) 160 N. W. 143; Halley v. Folsom (N. D.) 48 N. W. 219; Mordhorst v. Teleph. Co. (Neb.) 44 N. W. 469; First Nat. Bank v. North (S. D.) 51 N. W. 96.

A fact or question which was actually or directly in issue in a former suit and was judicially passed upon and determined is conclusively settled by the judgment so that as far as the parties to the action are

concerned cannot again be litigated on the same or different cause of action.   23 Cyc. 1215.

A former judgment will be an estoppel where the same question or issue depending on the same transaction or state of facts arises also in the second suit although relating to different rights or different property.   Stevens v. Wagleigh, 57 Pac. 622; Phelps v. Western Realty Co. (Minn.) 94 N. W. 1085.

A demand indivisible in its nature cannot be split so as to authorize several actions for the same claim; and if a recovery is had of a part of such a demand it will be regarded as an election to accept that part for the whole.   See 23 Cyc. 436; Hatch v. Coddington (Minn.) 19 N. W. 393; Hardin v. Palmerlee (Minn.) 10 N. W. 774.

BURKE, J.   The plaintiff, in this action, was, during the summer of 1922, the owner and operator of a threshing machine, in the county of Stutsman, and state of North Dakota; that between the 30th day of August, 1922, and the 20th day of September, 1922, he threshed certain grain for Herman Nelson, cropper, in Stutsman county, viz.: 1520 bushels of wheat, 300 bushels of barley, and 800 bushels of oats, upon the E½ of Section 3, Township 144 North, of Range 63 West; that a thresher's lien was duly filed as provided by law; that on the 2d day of January, 1923, plaintiff brought an action against A. J. Gorthy, Herman Nelson, Lars Nelson, and the Osborn-McMillan Elevator Company, to foreclose said thresher's lien.   The defendant, having prior thereto, petitioned the court, by a verified petition, alleging that shortly prior to the first day of November, 1922, the defendant received at its elevator in Kensal, North Dakota, certain grain, the title to which is in dispute, and claim thereto is made by A. J. Gorthy, Herman Nelson, and A. E. Albaugh, and that said corporation, thru its agents, is unable to determine to whom said grain belongs.   Affiant further states that the grain in dispute is represented in storage tickets issued by said corporation, under the numbers, dates, names, amounts and kinds as follows: to wit:

| Storage Ticket Co. | Date | Issued to | Net Bu. | Kind | Grade |
|---|---|---|---|---|---|
| 29444 | 9–2–22 | H. Nelson | 5300 | Durum | #3 Durum |
| 29446 | 10–2–22 | H. Nelson | 8845 | Wheat | #3 Nor. Sp. |
| 29443 | 9–27–22 | A. J. Gorthy | 5300 | Durum | #3 Durum |
| 29385 | 9–4–22 | A. J. Gorthy | 5350 | Red Durum | #1 |
| 29452 | 10–2–22 | A. J. Gorthy | 5645 | Wheat | #3 Nor. Sp. |
| 29360 | 9–7–22 | A. J. Gorthy | 1210 | Wheat | #1 D. Nor. |

The Judge of said court on said application designated the clerk of the court in and for Stutsman county, a depository, with whom the grain storage tickets representing the certain wheat in dispute, to wit: and then follows the statement of the wheat held by the defendant in words and figures as stated in the petition and the order is that the storage tickets shall be deposited in accordance with the law in such case made and provided. That the plaintiff, in his said action for the foreclosure of said thresher's lien, alleges that there was a balance of $292.70, with interest at 6%, since the 7th day of September, 1922; that of the storage tickets deposited with the clerk, there was 262 bushels of Marquis wheat at $1.06 a bushel, and 266 bushels of Red Durum wheat at 80 cents a bushel, amounting in all to the sum of $490.52, and the value of plaintiff's special interest therein is $292.70, with interest thereon at 6% since the 20th day of September, 1922, and prays for judgment, decreeing the threshing lien of plaintiff superior to any lien or interest of each and every defendant, against or upon said grain, and that said 266 bushels of Red Durum wheat, and the said 262 bushels of Marquis wheat, be sold, or so much thereof as may be necessary to realize sufficient funds to pay plaintiff his claim of $292.70, with interest at 6% since September 20, 1922, together with costs and disbursements of the action.

None of the defendants appeared or answered, and judgment was rendered against them by default, the court making its findings of fact and conclusions of law, in accordance with the plaintiff's complaint, upon which judgment was duly entered on the 13th day of July, 1923.

Thereafter plaintiff's attorney made an affidavit that there was a mistake in the number of bushels of wheat represented by the storage tickets and asked the court to correct said judgment in that particular. Findings of fact and conclusions of law were thereafter corrected in accordance with the facts as alleged in the affidavit of plaintiff's at-

torney and judgment was duly entered thereon, in effect that his thresher's lien is superior to any lien or interest of each and every defendant. A. J. Gorthy, Herman Nelson, Lars Nelson, and the Osborne-McMillan Elevator Company, and that the 157 bushels, 40 lbs. of Marquis wheat, and the 150 bushels, 50 lbs. of Red Durum wheat, be, or so much thereof as shall be necessary to pay the plaintiff the sum of $292.70, balance of the lien, $13.39 interest, and $38.70, costs herein, making a total of $344.79, sold by the clerk of this court, and the proceeds thereof be paid by him to the plaintiff, A. E. Albaugh, or his attorneys, and that the judgment stand in lieu of the judgment hereinbefore entered on July 13, 1923. The said wheat when sold amounted to $232.30, and leaving a balance unpaid on the thresher's lien of $115.08; that thereafter the plaintiff, in justice of peace court, of Foster county, sued the defendant for the conversion of grain, which he claims was covered by his thresher's lien, and upon which he alleges there is a balance due of $115.08. The defendant did not appear and answer, and judgment was taken against it by default in justice court for $139.78, balance upon said thresher's lien with interest and costs.

The case was appealed to the district court, the answer of the defendant being served with notice of appeal. Among other defenses, defendant alleges that all of plaintiff's rights have been determined in the prior action; that he split his cause of action and was estopped from maintaining any further action, and that the former judgment was a bar to any further right of action. The answer alleges other defenses which, on account of the action of the district court, in disposing of the case, cannot be considered here.

The action coming on for trial on appeal in the district court, an objection was made by attorney for the defendant to any testimony being introduced on the part of the plaintiff, for "the reason that it appeared from the files of the clerk's office that the issues involved have been determined in the other action and that plaintiff is estopped from claiming damages by reason of former judgment; that the plaintiff is endeavoring to split his cause of action and have one issue determined in the former suit, and the same issue determined in this action and that the thresher's lien upon which plaintiff relies has been adjudicated in the former action and is merged in the judgment."

Mr. Carr, attorney for the plaintiff, requests the court to take judi-

cial notice of the judgment entered in July, 1923, in which A. E. Albaugh is plaintiff, and A. J. Gorthy, Herman Nelson, Lars Nelson, and Osborne-McMillan Elevator Company are defendants; that the amount of the grain disclosed by the Osborne-McMillan Elevator Company be sold and the proceeds thereof be applied in payment upon that lien; that in looking over the petition for the deposit, he noticed that the amount of grain shown in the notice, was in net bushels; that he was sure that that was a mistake and that he took the number of bushels for pounds, divided it by 60, which gave him an amount more than large enough to pay his client; that after judgment was entered he took the matter up with the Osborne-McMillan Elevator Company and the auditor told him that the figures were too much, but whatever they represented they would pay; he states that upon discovering that error he made an affidavit to that effect and a motion to correct the judgment of July, 1923. It was corrected as of date August 16th. The storage tickets deposited were sold for $232, which was paid to the plaintiff. "We found that the defendant had purchased other grain covered by said lien, and it is for the conversion of this other grain that we brought suit in Justice Court against the defendant." The court then said: "You can't bring two suits on the same cause, although the judgment may be faulty; where the issues are determined once, it is final. The objection is sustained. The cause has been adjudicated already, and that is the ground on which the objection is sustained, every issue in this action being identical with the other, the relief sought being identical, except that there was a mistake made in the former case, the judgment entered being insufficient or improper—I wouldn't say improper exactly, but inadequate would be better but upon some mistake of fact as appeared upon the trial due to the counsel himself. . . . If you have any further record to make you may make it, otherwise I will discharge the jury." Mr. Carr, for the plaintiff:—"I offer to prove the allegations of the complaint; that is my offer of testimony," to which there is an objection which is sustained.

There is no dispute on the facts, and the case comes before this court on questions of law alone. There is no merit in the defendant's claim that the plaintiff split his cause of action. Corpus Juris defines splitting a cause of action as follows: "Splitting a cause of action may be defined as dividing a single cause of action, claim, or demand into two

or more parts, and bringing suit for one of such parts only, intending to reserve the rest for a separate action." 1 C. J. 1106. That was not done in this case. The plaintiff sued for the entire amount of his claim, $292.70. Before the plaintiff had brought his action to foreclose, the defendant, on sworn petition to the court, to designate a depository, included in such petition a statement showing the numbers of the storage tickets, date, to whom issued, net bushels, kind and grade. According to the figures furnished by the defendant, the wheat represented by the storage tickets would amount to 31,650 bushels. The court made its order requiring the defendant to deposit the tickets with the clerk of court, and in the order there is a facsimile of the descriptions of the tickets, the number of bushels, the kind and grade, found in the sworn petition, and while the order was made in November, defendant did not deposit the tickets until February following; that notice was served on the plaintiff's attorneys, who knew there was not that much wheat. He thought that a mistake had been made in giving the number of bushels instead of the number of pounds, and so he figured the items as pounds instead of bushels, and got 262 bushels of No. 3 wheat, and 266 bushels of No. 3 red Durum wheat. A computation of the figures as pounds instead of bushels shows the plaintiff's attorneys are approximately correct, and that there would be more than enough to pay the entire thresher's lien with the items figured as pounds instead of bushels. The defendant itself furnished these figures, and to whom? To the court. It is sworn to by Mr. W. E. Hoopes, a reputable attorney, and an officer of this court, in good standing. The defendant must have furnished the figures to Mr. Hoopes, and in doing so, the said defendant made the figures so large that if the items appearing as bushels are figured as pounds, there is still more than enough to pay the thresher's lien. All that was settled in the prior judgment is that the plaintiff was the owner and operator of a threshing machine in Stutsman county and engaged in threshing grain for others; that between the 30th day of August, 1922, and the 20th day of September, 1922, he threshed for Herman Nelson, 1520 bushels of wheat, 300 bushels of barley, and 800 bushels of oats, in Stutsman county, on the east one-half of section 3, in township 144, range 63, where said grain was grown and threshed; that the amount of the threshing bill was $455.00, upon which there had been paid

$162.30, leaving a balance of $292.70, the amount claimed in the action to foreclose; that the storage tickets instead of representing the number of bushels of grain as alleged in the petition for deposit amounted in fact to 157 bushels and 40 pounds of Marquis wheat, and 150 bushels and 50 pounds of Red Durum wheat, and that the same, sold by order of the court, for $232.30, and was duly applied on the thresher's lien, leaving a balance of $115.08, unpaid.

The fact that the plaintiff brought suit to foreclose his thresher's lien for the full amount, and after a judgment, it was discovered that it was necessary to correct the judgment, on account of the misleading statements in the petition for deposit is not a splitting of the action and the fact that the wheat was not sufficient to satisfy the plaintiff's lien does not extinguish his lien and preclude him from bringing an action for conversion of other grain covered by said lien, which the defendant has converted. A case almost parallel, is First Nat. Bank v. Northwestern Elevator Co. 4 S. D. 409, 57 N. W. 77. This case arises on the foreclosure of a mortgage and the statute of the state of South Dakota, like ours, provides that the statutory lien shall be filed, indexed and foreclosed as a chattel mortgage. The court says:

"A mortgage is security for the payment of a debt. It is a contract by which specific property is hypothecated for the performance of an act without the necessity of a change of possession. It is also a lien upon everything that would pass by a grant of the property, and upon nothing more. It is a lien upon the property mortgaged in the hands of every one claiming under the mortgagor subsequently to its execution. . . . The section of our statute above quoted says a chattel mortgage may be foreclosed by a sale of the mortgaged property,' not by a sale of part of it, but by a sale of all of it. One of the purposes of making a sale of mortgaged property is to ascertain its value as applicable to the mortgage debt. . . . The amount realized at the sale is conclusive on all the parties as to the value of the property, and the amount to be applied on the indebtedness. The sale only forecloses these questions, and cuts off the right which the mortgagor had of redeeming the property, if it is worth more than the debt, or leaving him liable for the residue if it is worthless. Until the debt which the property was hypothecated to secure is paid, the mortgage lien continues, subject to the provisions of the statute. Nothing but the actual pay-

ment of the debt or an express release will operate as a discharge of the mortgage. The lien lasts as long as the debt, if there is no release or a foreclosure by sale of all the property mentioned in the mortgage. In the case at bar the record shows that, after default in the conditions of the mortgage, the mortgagee endeavored to take possession of the property described in the mortgage for the purpose of foreclosing his lien. A portion of it could not be found, and a foreclosure was had upon such as was found. That is, the lien on that specific property was foreclosed. The wheat in question could not be found in the possession of the mortgagor, but it was afterwards ascertained that the defendant had taken it, and converted it to his own use, by mixing it with other wheat, which, upon demand, he refused to surrender. By this act of the mortgagor the mortgagee was prevented from offering this portion of the mortgaged property for sale, and was prevented from foreclosing his lien upon the wheat at the time he did upon the other property. . . . Were it otherwise, the mortgage security would be in many instances materially diminished, and become worthless by the fraudulent and unlawful act of the mortgagor." See Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 103 N. W. 915, 116 Am. St. Rep. 642, 8 Ann. Cas. 1160.

If it can be held that the plaintiff split his cause of action, in this case, it is well settled that when the defendant is responsible for the split, he is estopped himself. A rather recent case, Vineseck v. Great Northern R. Co. 136 Minn. 96, 2 A.L.R. 530, 161 N. W. 494:

"The rule against splitting a cause of action into several parts and bringing an action upon each is primarily for the benefit of defendant in the action, which he may waive, or preclude himself from invoking by his fraud. . . . In such case a subsequent action may be brought upon the omitted item without first applying for a vacation of the former judgment. Such vacation of the judgment is unnecessary."

In this case, the plaintiff brought an action in Minnesota for personal injuries. The defendant claimed that the plaintiff's right to recover was barred by a judgment of the U. S. Circuit Court in North Dakota, in a former action between the same parties, for the same injury. The plaintiff accepted $1,250, in full payment for the injury to one of his limbs and relied upon the statement of the physician that

his eyes were only temporarily affected and made no claim in that respect. He signed a prepared release expressly discharging defendant of all claims on account of the injuries received, which necessarily included the injury, if any, to plaintiff's eyes. The money was paid over; judgment was formally entered in the Federal Court, dismissing the action with prejudice. It was held a bar in the District Court, in Minnesota, but the Supreme Court reversed on the ground that it should have gone to the jury. It is followed by a long number of cases, beginning on page 534 [2 A.L.R.] in which the cases are collected.

On the same subject on page 1110, Corpus Juris says: "and this rule is particularly applicable where plaintiff's ignorance of what was omitted was due to a fraudulent concealment thereof by defendant."

On page 1115, C. J. § 294, says:

"Principal Debt and Collateral Security. Where there is a principal debt or obligation with some other obligation as collateral to or security therefor, each gives rise to a separate cause of action for which different actions may be brought, although there can be but one satisfaction of the amount of the debt. This rule applies in the case of a principal debt with a collateral note or bond, and also in the case of a note or bond with a mortgage given as security therefor, unless it is otherwise provided by statute." Citing, Arkansas, Connecticut, Pennsylvania, Texas, Judgments (23 Cyc. 1195); Mortgages (27 Cyc. 1515), Wisconsin, Illinois, Indiana, Louisiana, Minnesota.

In the case of Barchard v. Kohn, 157 Ill. 588, 29 L.R.A. 803, 41 N. E. 904, the court says:

"The rule, that a mortgagee may proceed concurrently with an action on his note and with lawful proceedings to foreclose his mortgage, applies to mortgages of personal property as well as to mortgages of real estate. Burtis v. Bradford, 122 Mass. 129. The holder of a chattel mortgage after default has three remedies, any one or two or all of which he may pursue concurrently—an action at law to recover the debt, an appropriate action to recover the mortgaged property, and a foreclosure of the mortgage. Herman, Chat. Mortg. § 206; 2 Cobbey, Chat. Mortg. § 947. In the case of chattels, as well as of realty, a personal judgment on the note secured by the mortgage is no bar to a subsequent suit to foreclose the mortgage, and the mortgagee does not lose his right to the mortgaged property if he seizes it on execution

under the judgment. 2 Cobbey, Chat. Mortg. §§ 944, 1018. The mortgage being a specific lien and the judgment a general lien may be pursued consistently until the debt is satisfied. The doctrine of election does not apply in such cases. Pingrey, Chat. Mortg. § 1027; Tyson v. Weber, 81 Ala. 470, 2 So. 901."

In this case the liability of the defendant is based on the wheat he purchased, covered by the thresher's lien, and since the wheat represented by the storage tickets deposited, was not sufficient to pay the lien, the balance of the judgment cannot be enforced against the defendant unless it purchased and converted grain covered by the thresher's lien, which was not included in the tickets which he deposited.

Plaintiff alleges in his complaint that defendant purchased and converted wheat covered by the lien that was not included in the storage tickets, specifying the amount thereof, and its value, and demanding judgment for the balance of his unpaid thresher's lien. If he can prove the allegations in his complaint, he is entitled to recover and the court erred in sustaining objection to his evidence.

Judgment of the District Court is reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.