ANNIE MOULTROUP, ADMX. ESTATE OF HENRY MOULTROUP *v.* WILLIS GORHAM.

May Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1943.

*Clifton G. Parker* and *James B. Campbell* for the defendant.

*Arthur L. Graves* and *R. Lawlor Cooper* for the plaintiff.

STURTEVANT, J. This is a tort action brought by the plaintiff as administratrix of the estate of Henry Moultroup. The suit is for the benefit of the General Exchange Insurance Corporation as subrogee. Recovery is sought for damage to the intestate's property resulting from the alleged negligence of the defendant in the operation of his automobile. The defendant pleaded the general issue and also a prior judgment between the parties in bar of this action. The plaintiff joined issue as to the plea of the general issue and demurred to the plea in bar. Upon hearing the demurrer was sustained and the plea in bar adjudged insufficient. The defendant brings the case here, before final judgment under the provisions of P. L. 2072, upon exceptions saved to that ruling of the court below.

The following material facts appear from the record. On November 28, 1941, Henry Moultroup was riding in his automobile in the town of Glover and his car was in collision with an automobile then being operated by the defendant. Moultroup's automobile was damaged in that collision and he received personal injuries from which he died within a few hours. On December 5, 1941, the plaintiff, as administratrix of the decedent's estate, brought a suit against the defendant in Essex County Court seeking to recover for personal injuries to the decedent and also for the damage to his automobile. The declaration also contained a count for damages suffered by the decedent's next of kin. All of the damages mentioned were alleged to have resulted from the defendant's negligent operation of his automobile. The suit was tried at the April term, 1942. At the trial the plaintiff struck from her declaration the count alleging damage to decedent's automobile. With the declaration as thus amended, the suit proceeded and the plaintiff had a verdict and judgment which judgment was fully paid and satisfied by the defendant before the present case was instituted.

In her declaration in the case at bar, the plaintiff alleges that the issue of the defendant's liability here is identical with the issue

of his liability in the former suit and that this question having there been determined in her favor, the defendant is thereby estopped from denying his liability in the present action. The declaration also contains the following allegations.

> "——the plaintiff brings this action, for the use and benefit of General Exchange Insurance Corporation, of Portland, Maine, which is vested with all the rights and causes of action of the said plaintiff, Annie Moultroup, as administratrix of the estate of Henry Moultroup against the defendant Willis Gorham, for damages to said Pontiac sedan automobile, and the loss and destruction thereof, by virtue of a subrogation agreement entered into between the said plaintiff and the said General Exchange Insurance Corporation on the twenty-fourth day of December, 1941."

The terms of the subrogation agreement are not stated in the record. However, when the case was argued the following additional facts appeared without question. At the time of the accident, the decedent held an insurance policy covering the damage to his car. This policy was issued by the General Exchange Insurance Corporation, hereinafter called the insurer. On or about December 24, 1941, the insurer settled with the plaintiff for the car damage thus bringing about its alleged rights of subrogation.

It is agreed that the same act of the defendant caused both the personal injury to the decedent and the damage to his car. It is an inflexible rule that all damages resulting from an entire and indivisible cause of action must be assessed in one proceeding, whether arising from contract or tort. A recovery for one part will bar a subsequent action for the whole, the residue, or another part. *Louden Machinery Co.* v. *Day,* 104 Vt 520, 524, 162 A 370, and cases cited. The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation. *Louden Machinery Co.* v. *Day,* 104 Vt at 524, 162 A 370. In case of torts, each trespass, or conversion, or fraud gives a right of action, and but a single one, however numerous the items of wrong or damage may be. *Morey* v. *King, Fuller & Co.,* 51 Vt 383, 387.

The plaintiff recognizes the general rule as above stated but

contends that here an exception to the rule is justified because of the need for different judgments to protect the different rights of the parties interested. To dispose of this contention it is necessary to review the facts and to note how the rights of the parties interested are affected by them.

When the plaintiff brought her first suit, she was thereby seeking to recover for both personal injuries to the decedent and for damage to his automobile. In December, 1941, soon after that suit was brought, the insurer settled with the plaintiff for the car damage and at the trial in April, 1942, the plaintiff amended her declaration by striking therefrom her claim for that item. Under our procedure such amendment was not necessary. Had the case proceeded to trial on the original declaration, no deduction in damages could have been allowed because of the payment made by the insurer to the plaintiff. *Cushman & Rankin Co.* v. *Boston & Maine R. R.*, 82 Vt 390, 397, 73 A 1073, 18 Ann Cas 708; *Bliss* v. *Moore & Stoughton*, 112 Vt 185, 187, 22 A2d 315. In such circumstances when compensation is received on recovery the insured stands as trustee for the insurer to the extent of the part of the loss paid by it. As to the division of the funds between them, the wrongdoer has no concern. The right of recovery in the name of the insured for the benefit of the insurer does not depend upon allegations in the declaration other than or different from those necessary for a recovery by the owner of the property and for his own benefit. *Cushman & Rankin Co.* v. *Boston & Maine R. R.* 82 Vt at page 397, 73 A 1073, 18 Ann Cas 708, and cases cited. It should be noted that in the Cushman & Rankin case the insurer paid the insured his entire loss resulting from fire, while in the case at bar only one item of damage as claimed by the plaintiff was paid by the insurer. In the former case the insurer was subrogated to the insured's entire cause of action while in the present case the insurer's right of subrogation applies to but one item, namely, damage to the car.

An insurance policy is a contract of indemnity and to the extent that the insurer was obligated to pay, it was put in the place of the insured and so obtained a right to recover of the defendant in the name of the administratrix of the insured's estate. The right of the insurer against the defendant does not rest upon any relation of contract or privity between them. It arises out of the

nature of the contract of insurance as a contract of indemnity, and is derived from the insured alone, and can be enforced only in his right and must be worked out through the cause of action which the insured had. *Cushman & Rankin Co.* v. *Boston & Maine R. R.,* 82 Vt at page 395, 396, 73 A 1073, 18 Ann Cas 708; *Ide* v. *Boston & Maine R. R.,* 83 Vt 66, 86, 74 A 401.

We have seen that the rule against the splitting of a cause of action required the plaintiff to include in her first suit all items of damage for which she sought recovery for the benefit of the decedent's estate. While that suit was pending or after it had gone to judgment, as a matter of right, she could not maintain a separate suit for damage to the car. As to this item, the insurer is subrogated to her rights. By the substitution it could acquire no greater right than was held by the plaintiff and its right of recovery is subject to the same limitations as when it was held by her for the benefit of the estate. *Pierson* v. *Catlin,* 18 Vt 77, 86; *Cushman & Rankin Co.* v. *Boston & Maine R. R.,* 82 Vt at page 396, 73 A 1073, 18 Ann Cas 708, and cases cited. When a wrongdoer has once made satisfaction therefor to the party injured, he can not be made liable to another suit, at the instance of any merely equitable claimant. If others claim a right to stand in place of the injured party, they must intervene in proper time, or lose their recourse to the wrongdoer. *The Monticello* v. *Mollison,* 17 How. US 152, 155, 15 L Ed 68.

From the foregoing it follows that the insurer's right of recovery was limited to a right to intervene in the first suit and there insist that a recovery be had for damage to the car. Had this been done the court doubtless would have instructed the jury to return a special verdict showing the amount allowed for that item. The amount so recovered, to the extent that the insurer had paid, would have been held by the plaintiff as trustee for the insurer. In that way its rights would have been fully protected and it would have received all the benefits which it seeks in the present action. Thus, it appears that, under our rules of procedure, the rights of all the interested parties could have been adjudicated in a practical and orderly manner in one suit, namely, the first one. This fact distinguishes *Underwood* v. *Dooley,* 197 NC 100, 147 NE 686, 64 ALR 656, and *Lloyd's Ins. Co.* v. *Vicksburg Traction Co.* 106

Miss 244, 63 So 455, 51 LRANS 319, cited by the plaintiff, from the case at bar.

The plaintiff further contends that the plea in bar is defective because it contains no allegation that the defendant was prejudiced or misled by the assignment. It already appears that the judgment in the first suit is a bar to the present action. *Hodges* v. *Eddy*, 52 Vt 434, 438. It follows that this contention of the plaintiff is without merit. The cases cited by the plaintiff do not deal with a bar or estoppel by judgment and are not material here.

*Judgment reversed. Judgment that the plea in bar is sufficient and the case is dismissed.*