Potomac Insurance Company et al., Plaintiffs, *v.* Donald MacNaughton, Defendant.

Supreme Court, Special Term, Monroe County, February 23, 1948.

*William H. Morris* for defendant.

*John W. Martin* for plaintiff.

WHEELER, J. The amended complaint in this action alleges the following facts: Plaintiff insurance company insured plaintiff Connor from damage to his automobile resulting from collision, the contract being a $50 deductible policy. After plaintiff Connor's automobile had collided with one driven by this defendant, plaintiff insurance company paid its insured $169.17, taking at that time from Mr. Connor a release and subrogation of his rights against this defendant. It is also alleged that prior to the commencement of the action the defendant paid to Mr. Connor $50 upon his property damage claim, receiving a release therefor from Mr. Connor; that at the time of this payment the defendant had notice and knowledge of the claim of the plaintiff Potomac Insurance Company.

The plaintiff insurance company originally sued alone for the amount of indemnification paid to its insured. By an order of the Supreme Court, plaintiff Connor was joined as a party plaintiff. The present motion is addressed to the amended complaint, which demands money damages in the same amount as the original complaint — the amount paid by the plaintiff insurance company to its insured, plaintiff Connor. The defendant moves to dismiss the complaint on the ground that it fails to state a cause of action and on the ground that the cause of action therein alleged has been released.

The only objection raised by the defendant to the complaint itself is that the amended complaint does not set forth the chronological sequence of the two payments received by plaintiff Connor, thereby implying that there is no allegation that the defendant negotiated with the insured with knowledge of the rights of the plaintiff insurance company. The subrogation

right of the plaintiff insurance company would not arise until payment had been made to its insured. (*Pacific Fire Insurance Co.* v. *L. A. D. Motors Corp.*, 136 Misc. 594.) Therefore, the complaint, alleging as it does that the defendant at the time he obtained a release from the insured had notice and knowledge of the claim of the plaintiff insurance company, is sufficient as a pleading if the action lies in law.

The court agrees with defendant's contention that the rule against splitting a cause of action is fundamental and that no party defendant should be put twice to his defense on the same cause of action. However, this rule, as with all rules, is subject to an exception; the rule being a protection to the alleged wrongdoer, may be waived by him, and his waiver may be implied by his conduct under certain circumstances. The right of the insurance company which has paid its insured and has thereby become subrogated to part of the insured's right of recovery against a defendant third party who knows or should know of the claim of the insurance company, is protected by the holding in the case of *Ocean Accident & Guar. Corp.* v. *Hooker Electrochemical Co.* (240 N. Y. 37, 50). "We think that * * * when the defendant chargeable with notice of plaintiff's rights which largely had become detached from and independent of those retained by the Wander Company [the insured] made a settlement with the latter to which the insurer was not a party it must be regarded as having made such settlement subject to and with a reservation of the rights possessed by plaintiff and with the implication of a consent that the rights of the two parties should become separated even though originally part of an indivisible cause of action."

In answer to defendant's contention that the case of *Pearl Assurance Co.* v. *Epstein* (295 N. Y. 674) has changed the rule laid down in the *Ocean Accident* case (*supra*), it should suffice to point out that, as far as can be determined from the memorandum compiled by the State Reporter, there was pending an action by the insured against the alleged wrongdoer. There was also involved a loan receipt evidencing the insurance company's contribution to the insured's indemnification. The decision in the *Pearl Assurance* case (*supra*), then, could have been based upon either of two grounds, neither of which apply to the case at hand, though the Appellate Term stated that " ' plaintiff may not recover in the light of the rule against splitting causes of action ' ".

However, the facts alleged in the case at bar distinguish it completely from those of the *Pearl Assurance* case (*supra*). If

the defendant, with knowledge of the rights of the indemnifying insurance company, accepted the release of the insured, Connor, that action on his part bars him from setting up his release in defense to an action by the insurance company which has paid its insured.

It follows that the complaint alleges a cause of action and that determination of the validity of the release as against the plaintiff insurance company must await trial. It is equally apparent that the motion must be granted as against plaintiff Connor and denied as against the plaintiff insurance company.

Motion is granted as against plaintiff Leroy C. Connor, and denied, with $10 costs, as against the plaintiff Potomac Insurance Company.

Submit order accordingly.