FARMERS INS. EXCHANGE

v.

ARLT et al.

No. 7390.

Supreme Court of North Dakota.

Nov. 12, 1953.

J. K. Murray, Bismarck, for appellant.

John A. Zuger, Bismarck, for respondents.

GRIMSON, Judge.

Plaintiff brings this action for damages alleged to have been caused in a motor vehicle collision between one John A. Logan and defendant, Jacob P. Arlt.

The evidence shows that John A. Logan was the owner and operator of a 1948 Buick automobile and carried collision insurance thereon with this plaintiff; that Jacob P. Arlt was an employee of the State Highway Department; that the State Highway Department carried liability insurance for its employees with the defendant, United States Fidelity & Guaranty Company; that on May 20, 1949, a collision occurred on U. S. Highway No. 10 about four miles east of Glen Ullin between the automobile driven by Logan and the highway truck driven by Arlt as Logan was attempting to pass the said truck. The automobile was damaged and Logan injured. Plaintiff paid Logan $694.85 on his property damage under the provisions of the insurance policy. Thereupon John A. Logan assigned his claim for property damage against the defendant, Arlt, to the plaintiff authorizing it to bring suit if necessary.

On January 20, 1951, said John A. Logan brought suit in the district court of Burleigh County, North Dakota, against Jacob P. Arlt, and the State Highway Department of North Dakota, for the recovery of $1,368.56 for property damages and $1,050 for personal injuries resulting from this collision. That case was tried in June 1951 and the jury returned a verdict of dismissal for the defendants. Judgment was entered thereon and no appeal was taken.

On October 15, 1951, the present action was commenced. It is brought on the same collision but only for the property damage in the same amount of $1,368.56. Plaintiff alleges that it is the owner of such claim to the extent of $694.85 and as to the balance of such claim that plaintiff holds same in trust for the said John A. Logan.

The defendant, Arlt, answers denying liability and alleging that the suit theretofore brought by John A. Logan for the same property damage was a complete bar to this action.

The defendant, United States Fidelity & Guaranty Company denied liability under its insurance contract and pleads the suit of Logan against the defendant, Arlt, as a bar to this action.

At the close of the testimony the defendant, United States Fidelity & Guaranty

Company moved for the dismissal of the action as against it on the grounds there was no liability shown. This motion was denied. Then both defendants moved for a dismissal upon the same grounds and upon the further grounds that the prior action between John A. Logan and the defendant, Jacob P. Arlt, was for the same damages here claimed resulting from the same collision; that judgment of dismissal thereon was a complete bar to the present action, and on the further ground of contributory negligence by Logan. This motion was denied. Thereupon both defendants moved for a directed verdict upon all the grounds stated in the defendants' motions for dismissal. These motions were resisted and denied.

On December 9, 1952, a motion for judgment notwithstanding the verdict on behalf of each defendant, separately, was presented to the court and set by the court for hearing on December 23, 1952, at 2 o'clock P.M. Service of said motion and a notice of hearing was admitted by the attorney for the plaintiff on December 9, 1952. On December 23, 1952, plaintiff's attorney appeared specially objecting to the jurisdiction of the court on the ground said motion was not made within ten days subsequent to the rendition and filing of the judgment. On the 16th day of February, 1953, the court set aside the judgment and granted the motions of both defendants for judgment in their favor notwithstanding the verdict. The plaintiff appeals from said orders and the judgments entered thereon.

The first contention of plaintiff is that the motion for judgment notwithstanding the verdict was not made within the ten days as required by Chapter 204 SLND 1951 because it had not been filed in the clerk's office within that time. Said section reads in part:

"* * * Within ten days after the reception of a verdict, a party who has moved for a directed verdict may move to the have the verdict and the judgment entered thereon set aside and to have judgment notwithstanding the verdict entered in accordance with his motion for a directed verdict * *."

The statute does not say that the motion must be filed with the clerk within ten days. It is admitted that the motions were presented in open court within five days after the return of the verdict and served upon the plaintiff's attorney. The motions definitely state that the defendant "moves that judgment be entered in its favor notwithstanding the verdict." The court and plaintiff's attorney were engaged in another jury trial at the time so that the motions could not be heard then but the court set December 23rd as the date for the hearing. The trial court overruled the plaintiff's objection to the jurisdiction and held "that the notice of motion and the motions were served on plaintiff's attorney and presented to the court on Dec. 9th. 1952 * * * and that the court had jurisdiction to rule on the motions." Failure to file the written motion for judgment notwithstanding the verdict with the clerk of the district court within ten days after the rendition of the verdict was not a jurisdictional prerequisite to its consideration by the trial court or by this court on appeal. Nicholson v. Roop, N.D., 62 N.W. 2d 473.

The motions for judgment notwithstanding the verdict are based on the motions for a directed verdict made by the defendant at the close of the case. Plaintiff raises two objections to those motions. First he says that no particulars are set forth as to the grounds upon which the motions are made in that the motions merely stated that they are made "upon all of the grounds and for all the reasons stated in both motions for dismissal." When the attorney for the defendants had made that statement the following record was made:

"Mr. Zuger: Can I have the understanding that I do not need to repeat all of the grounds in this motion that I stated in the other motions?

"Mr. Murray: I am not running the court.

"The Court: Yes, you may have the grounds for a directed verdict the same as those that you mentioned in your two motions for dismissal."

No objection to that ruling was made by the attorney for the plaintiff. Under those circumstances the objection now made to that proceeding is without merit.

Plaintiff next contends that the motions for dismissal did not themselves specify the particulars in which the evidence was insufficient to establish a cause of action against the defendants.

■ It is true that this court has repeatedly laid down the salutary rule that motions for directed verdicts upon ground of insufficiency of the evidence need not be considered by the trial court nor will they be considered on appeal unless the particulars are specifically pointed out. Jacobs v. Bever, N.D., 55 N.W.2d 512; Westerso v. City of Williston, 77 N.D. 251, 42 N.W.2d 429, and cases cited on pages 259 and 260 of 77 N.D., and on pages 433 and 434 of 42 N.W.2d.

■ The purpose of this rule is to apprise the opposing counsel and the court of the failure of the evidence to sustain the law question involved. This must be done with sufficient particularity so that the court and counsel can see forthwith what, if any, merit there is to the motion. This rule has generally been applied to cases where the motion for a directed verdict and for judgment notwithstanding the verdict have been denied. See cases cited in Westerso v. City of Williston, supra.

■ The motions in the case at bar do point out that there was evidence of a prior lawsuit involving the same issues between the plaintiff's insured, Logan, and the defendant, Arlt, wherein a jury found in favor of defendant, Arlt; that prior thereto plaintiff had not given Arlt any notice of having received an assignment of a partial interest in Logan's claim for damages. They point out evidence of other defenses of the United States Fidelity & Guaranty Company. They further point

out particulars of claimed contributory negligence on the part of Logan.

■ In the case at bar the motions for judgment non obstante were granted. This indicates that the court concluded the motions pointed out sufficient particulars to warrant a further study of the evidence and, on so doing, decided that the motions should be granted. In such cases this court also will consider the evidence to determine whether the grounds raised are sufficient. Nicholson v. Roop, supra; Clausen v. Miller, 63 N.D. 778, 249 N.W. 791; Olson v. Great Northern Ry. Co., 56 N.D. 690, 697, 219 N.W. 209; Smalley v. Rio Grande Western Railway Co., 34 Utah 423, 98 P. 311.

The evidence shows that Logan suffered personal injuries and was taken to a hospital. His automobile was taken to the repair shop. The total repair bill amounted to $821.72. An additional $500 was claimed as the depreciation in the value of the car after repairs. Of that amount the plaintiff, Farmers Insurance Exchange, paid $694.85. Logan then signed and delivered to the plaintiff an instrument entitled, "Acceptance of Repairs, Release and Subrogation Assignment." That instrument, after releasing the Exchange from all claims for damages on account of the accident, in consideration of the payment of $694.85, provides:

"In further consideration of the above sum, I/we hereby sell, assign, transfer and set over unto the Exchange all of my/our right, title and interest in and to the or any Property Damage claim I/we may have against any person, firm or corporation arising out of said loss and damage to the vehicle(s) described above. If it shall become necessary that suit be filed to effect collection of this claim, I/we hereby authorize the Exchange to, at its election, file and prosecute the said suit in my/our name."

■■ Upon paying the insured, Logan, the plaintiff Exchange was subrogated to an interest in Logan's claim against defend-

ant, Arlt, to the extent of such payment. The plaintiff Exchange was entitled to that subrogation irrespective of the assignment above set forth. The Exchange, however, does not obtain any more rights by the subrogation or assignment against the wrongdoer, Arlt, than Logan, the insured, had. Hayward v. State Farm Mut. Ins. Co., 212 Minn. 500, 4 N.W.2d 316, 140 A.L.R. 1236; Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456.

In Globe & Rutgers Fire Ins. Co. v. Cleveland, 162 Tenn. 83, 34 S.W.2d 1059, 1060, the court said:

"When a loss thereunder (the insurance policy) is occasioned by the fault or wrong of a third person, the wrongdoer is primarily, and the insurer is secondarily, liable to the owner of the property injured. * * * Upon payment of the loss, the insurer was entitled to the assignment specified in the policy, and by the assignment it acquired the equitable right to share in any recovery Hunter (the insured) might obtain against the defendant for the property damage, and to use Hunter's name in a suit at law to recover such damages. But it is elementary that the assignment could not confer upon the insurer any greater right or interest against the defendant than the assignor then possessed, no question of fraud or estoppel being involved. And this is true whether the insurer's rights be treated as arising only from the assignment, or by application of the doctrine of subrogation to the contract of indemnity insurance."

This assignment was dated August 30, 1949. The plaintiff Exchange took no action under it and did not give any notice of the assignment to either of the defendants herein until this present action was begun on the 15th day of October, 1951 more than two years later.

In the meantime, on January 20, 1951, almost two years after the collision, John A. Logan commenced an action against Jacob P. Arlt for the recovery of all the damages resulting from the collision.

Thus it appears that two actions were brought for the recovery of damages resulting from the same collision.

In Brevick v. Cunard S. S. Co., 63 N.D. 210, 213, 247 N.W. 373, 375, this court held that it is the act done "which" gives the plaintiff his cause of action". In Durham v. Spence, L.R.Exch. 46, cited in Brevick v. Cunard S. S. Co., supra, the court says: "I understand by 'cause of action' that which creates the necessity for bringing the action." In Harvey v. Parkersburg Insurance Co., 37 W.Va. 272, 16 S.E. 580, it is held: " 'Cause of action' generally means the breach of duty".

"A right of action at law arises from the existence of a primary right in the plaintiff and an invasion of that right by some act or omission on the part of the defendant. The facts which establish the existence of that right and its violation constitute the cause of action." 2 Freeman on Judgment, 5th. Ed., Sec. 678, p. 1433. See also 1 C.J. S., Actions, § 8, page 981.

This court has repeatedly held that a cause of action cannot be divided; that when there is a single cause of action, although there may be different kinds of damages, only one suit can be brought.

In Jacobson v. Mutual Ben. Health & Accident Ass'n, 73 N.D. 108, 11 N.W.2d 442, 446, this court said:

"It is a familiar doctrine 'that causes of action may not be divided, and that one who has availed himself of a part of a single claim or obligation in an action or defense is estopped thereafter from enforcing the remainder of it.' John Miller Co. v. Harvey Mercantile Co., 45 N.D. 503, 513, 178 N.W. 802, 806, See also Klinkert v. Streissguth, 155 Minn. 388, 193 N.W. 687; Peper Automobile Co. v. St. Louis Union Trust Co., Mo.App., 187 S.W. 109; Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282, 117 A. 59; Kinsey et ux. v. Duteau et ux., 126 Wash. 330, 218 P. 230. In the latter case it is said:

'A party cannot in one action sue for a part of that to which he is entitled, and in a subsequent action sue for the remainder, when the right of recovery rests on the same state of facts.' See also Kline et al. v. Stein et al., 46 Wash. 546, 90 P. 1041, 123 Am.St.Rep. 940."

The principle that causes of action cannot ordinarily be divided is also upheld in Albaugh v. Osborne-McMillan Elevator Co., 53 N.D. 113, 205 N.W. 5; Reineke v. Commonwealth Ins. Co., 52 N.D. 324, 202 N.W. 657; Hyyti v. Smith, 67 N.D. 425, 272 N.W. 747.

In Boos v. Claude, 69 S.D. 254, 9 N.W. 2d 262, 264, the South Dakota Court held:

"As disclosed by the Annotation 64 A.L.R. 663, it is the majority rule that a single wrongful or negligent act causing an injury to both the person and the property of the same individual constitutes but one cause of action with separate items of damages and that a recovery of a judgment for either item of damage may be pleaded in bar of an action to recover for the other item of damage."

In Globe & Rutgers Fire Insurance Co. v. Cleveland, 162 Tenn. 83, 34 S.W.2d 1059, 1060, it is said:

"A single tort can be the foundation for but one claim for damages. * * * All damages which can by any possibility result from a single tort form an indivisable cause of action. Every cause of action in tort consists of two parts, to wit, the unlawful act, and all damages that can arise from it. For damages alone no action can be permitted." (Citing cases.)

In Carr v. Preslar, S.D., 47 N.W.2d 497, 500, the South Dakota court held:

"A single or entire cause of action cannot be split so as to constitute the basis of more than one suit, and that recovery on any part of such an entire claim merges the whole and bars another action to recover the residue."

See also Hayward v. State Farm Mut. Automobile Ins. Co., 212 Minn. 500, 4 N.W.2d 316, 140 A.L.R. 1236; Kidd v. Hillman, 14 Cal.App.2d 507, 58 P.2d 662; Vane v. C. Hoffberger Co., 196 Md. 450, 77 A.2d 152, 22 A.L.R.2d 1450. Annotation 64 A.L.R. 663.

■ Under the facts in this case it is clear that only one cause of action is involved. Such cause of action cannot be divided. It follows that only one suit can be brought against the tort-feasor and only the damages asked for in that suit can be recovered.

Since the injured party, Logan, and insurer, the Farmers Insurance Exchange, plaintiff herein, were both interested in the damages resulting from a single cause of action, which cannot be divided, the question arises which one of them is the proper party to bring action for the damages caused by the collision.

The assignment by Logan of a part of the property damaged to his insurer the plaintiff Exchange, gave it also the right to bring action either in its own name or or in Logan's. That, however, did not bar Logan from bringing suit. He still retained a larger portion of the claim for damages. Neither one had a right to split the cause of action and thereby shut the other one out from recovery for his portion of the claim for damages. Whichever one brought the suit was in good faith bound to bring it for the whole claim and on recovery to hold the share of the other one in trust whether so stated in the complaint or not. Moultroup v. Gorham, 113 Vt. 317, 34 A.2d 96; Dearden v. Hey, 304 Mass. 659, 24 N.E.2d 644, 127 A.L.R. 1077.

Hayward v. State Farm Mut. Automobile Ins. Co., 212 Minn. 500, 4 N.W.2d 316, 318, lays down this rule:

"The only means which the Home company (the insurer) had of recovery on its subrogated right was to have its claim included in plaintiff's (the insured) cause of action against the

wrongdoer. As against the wrongdoer, it could not be in any better position than the insured. By no act of either the insurer or the insured could the wrongdoer be subjected to two actions on one cause. The cause of action could not be split by the insurer anymore than it could by the insured. If recovery had been had on either element of the cause, the other element would have been barred by the judgment." (Citing cases.)

▆ At common law the rule was that a suit to enforce the insurer's rights must be brought in the name of the insured and not in the name of the insurer. Verdier v. Marshallville Equity Co., 70 Ohio App. 434, 46 N.E.2d 636; Johanson v. Cudahy Packing Co., 107 Utah 114, 152 P.2d 98; Ayres v. Wyatt, La.App., 185 So. 84. Under the statutes which require the real party in interest to bring a suit there has been some change in that rule depending upon the wording of the statute and the circumstances of each case. Where the insurer has paid the loss of the insured in full and received an assignment of the full claim of the insured for damages, it is generally held that the insurer is the real party in interest and must bring the action. Hermes v. Markham, 78 N.D. 268, 277, 49 N.W.2d 238. By the weight of authority, however, it is held that, if the insurance paid by the insurer covers only a portion of loss, as in the case at bar, the right of action against the wrongdoer, who caused the loss, remains in the insured for the entire loss and the action should be brought in the name of the insured. 29 Am.Jur., Insurance, Secs. 1355 and 1357, pp. 1013, 1015; Annotation 96 A.L.R. pp. 865, 879—881; Annotation 157 A.L.R. pp. 1243, 1251, 1252.

In the case of Parker v. Hardy, S.D., 41 N.W.2d 555, 556, the court said:

"When the indemnity paid by the insurer covers only part of the loss, as in this case, leaving a residue to be made good to the insured by the wrongdoer, the right of action remains in the insured for the entire loss. (Citing cases.) In these cases the insured becomes a trustee and holds the amount of recovery, equal to the indemnity for the use and benefit of the insurer. The rule is founded on the principle that the wrongful act was single and indivisable, and gives rise to but one liability. Upon this theory the splitting of causes of action is avoided and the wrongdoer is not subjected to a multiplicity of suits."

In Flor v. Buck, 189 Minn. 131, 248 N.W. 743, 744, the Minnesota Court puts it this way:

"We are of the opinion that when the insured in a case of this character has not been paid in full by an insurance company, but has been partially repaid his loss by such company, leaving a residue to be made good by the wrongdoer, the action should be brought in the name of the insured to recover the full loss. (Citing cases.)"

In Moultroup v. Gorham, 113 Vt. 317, 34 A.2d 96, 98, the Vermont court says:

"The right of the insurer against the defendant (the wrongdoer) does not rest upon any relation of contract or privity between them. It arises out of the nature of the contract of insurance as a contract of indemnity, and is derived from the insured alone, and can be enforced only in his right and must be worked out through the cause of action which the insured had. (Citing cases.)"

In Motors Ins. Corp. v. Coker, 218 Ark. 653, 238 S.W.2d 491, 493, the insurer was suing the wrongdoer after the insured had settled with him, the Arkansas Court says:

"We think the best rule is to the effect that a defendant (the wrongdoer) should have to stand but one lawsuit growing out of one tort when the cause of action is in one person or those holding through such person. If it were otherwise, a defendant would not dare settle a case for fear that, at

a later date, someone would make another claim against him by reason of being subrogated to some right of the injured party, either through having paid a property damage claim, or loss of time claim, or accidental injury claim, or some other claim. In fact, even though the defendant may have paid a judgment in favor of the injured party, he would never know where he stood until the alleged tort was barred by the Statute of Limitations."

In Shiman Bros. & Co. Inc. v. Nebraska Nat. Hotel Co., 143 Neb. 404, 9 N.W.2d 807, the court held:

"Generally, under statute providing that every action must be prosecuted in the name of the 'real party in interest' if the insurance paid by an insurer covers only a part of the loss, the right of action against the wrongdoer who caused the loss remains in the insured for the entire loss."

Almost two years after Logan's collision with Arlt and before the Exchange brought any suit an action was brought by Logan against Arlt. That action alleged that the collision was caused by the negligence of Arlt and prayed for all the personal and property damages. That suit was tried on its merits and all the issues raised in the instant case were passed upon by the jury. In fact, in the trial of the instant case the only evidence submitted was the reading of the testimony in the Logan case submitted by stipulation as depositions. No objection is raised that the issues were not fully submitted to the jury. The jury decided all those issues in favor of the defendant, Arlt, dismissing Logan's cause of action.

■ Contrary to the contention of plaintiff's counsel the bringing of the Logan suit and its result was available to the defendants as a defense in the instant case. It constituted a fact that arose after the assignment but prior to any notice to Logan thereof. Section 28–0203 NDRC 1943

provides, as far as applicable, to the instant case:

"In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time or before notice of the assignment. * * * *"

In American Law Institute, Restatement of the Law on Contracts, Sec. 167, the rule on the defenses available against an assignee of a nonnegotiable cause of action is stated as follows:

"An assignee's right against the obligor is subject to all limitations of the obligee's right, to all absolute and temporary defenses thereto, and to all set-offs and counterclaims of the obligor which would have been available against the obligee had there been no assignment, provided that such defenses and set-offs are based on facts existing at the time of the assignment, or are based on facts arising thereafter prior to knowledge of the assignment by the obligor."

■ Logan's suit exhausted the cause of action including the right of recovery for the property damages which plaintiff is now trying to recover. The basis of the rights of the plaintiff under its right of subrogation and assignment were covered and litigated in the Logan action. It was the duty of the plaintiff to protect its right of subrogation but if it failed to do so it cannot now complain. Even though Logan had no recovery the final judgment is conclusive against the insured, Logan, and his insurer, the plaintiff in this action. In Sec. 52, p. 202, Am.Law Institute, Restatement of the Law on Judgments, the rule is laid down that:

"Where a valid and final personal judgment in favor of the defendant, is rendered after a trial on an issue of fact the plaintiff cannot maintain an action on the original cause of action if the issue was on the merits."

In Freeman on Judgments, Vol. 2, Sec. 562, p. 1193, 5th Ed. it is said:

"But where an action may be prosecuted by anyone of several persons to be benefitted thereby, and the statute contemplates but a single action for the benefit of all, the judgment in an action by one of such persons bars an action by the others."

In Carr v. Preslar, S.D., 47 N.W.2d 497, 500, the court says:

"Another universally accepted principle of the doctrine of res judicata is that a single or entire cause of action cannot be split so as to constitute the basis of more than one suit, and that recovery on any part of such an entire claim merges the whole and bars another action to recover the residue." See also Home Ins. Co. of N. Y. v. Smith, 235 Mo.App. 552, 140 S.W.2d 64; Jersey Ins. Co. of N. Y. v. Parrish, Co. Ct., 33 N.Y.S.2d 440; Patitucci v. Gerhardt, 206 Wis. 358, 240 N.W. 385; Motors Insurance Corp. v. Coker, 218 Ark. 653, 238 S.W.2d 491; Inter Insurance Exchange of Chicago Motor Club v. Andersen, 331 Ill.App. 250, 73 N.E.2d 12; Potomac Ins. Co. v. MacNaughton, 191 Misc. 362, 77 N.Y.S.2d 110; Parker v. Hardy, S.D., 41 N.W. 2d 555.

The Logan judgment is a complete bar to the cause of action on which the present action is brought. The motions for judgment notwithstanding the verdict were properly granted.

The judgment of the District Court is affirmed.

MORRIS, C. J., and CHRISTIANSON, SATHRE and THOMAS J. BURKE, JJ., concur.