JACOB WEALTH and H. V. HIGLEY, Administrator of Veterans' Affairs, an Officer of the United States of America, Plaintiffs, v. FRANK J. RENAI, Defendant.

*(February* 18, 1955.)

LAYTON, J., sitting.

*J. Paul Green* for Plaintiffs.

*William Prickett* for Defendant.

Superior Court for New Castle County, No. 637, Civil Action, 1954.

Layton, J.:

I confine myself to a consideration of defendant's second ground for summary judgment, namely, may a personal in-

jury claim be split by partial assignment? The rule, with but a few exceptions in cases with facts not here present, is that a tort action may not be split. As said in 1 *C. J. S.*, Actions, § 104, p. 1329:

"The rule against splitting causes of action applies to causes of action arising *ex delicto*, the rule being that a single wrong gives rise to but one cause of action, for which only one action may be maintained, however numerous the elements or items of damage resulting \* \* \*."

See also *Am. Jur.*, Actions, Vol. 1, Sec. 111. *Packham v. German F. Ins. Co.*, 9 *Md.* 515, 46 *A.* 1066, 50 *L. R. A.* 828; *Baltimore Steamship Co. v. Phillips*, 274 *U. S.* 316, 47 *S. Ct.* 600, 71 *L. Ed.* 1069; *Smith v. Red Top Cab Corp.*, 111 *N. J. L.* 439, 168 *A.* 796; *Simodejka v. Williams*, 360 *Pa.* 332, 62 *A.* 2d 17; *Moultroup v. Gorham*, 113 *Vt.* 317, 34 *A.* 2d 96; and *Ierardi v. Farmers Trust Co. of Newark*, 4 *W. W. Harr.* 246, 151 *A.* 822.

Plaintiff suggests that while the rule is correct insofar as it goes, there is no reason to apply it here for both assignees have joined in this jurisdiction thereby merging the claims into one. He cites no substantial authority for such a proposition\* and, moreover, if his reasoning were adopted, it would not be long before the rule was extended to its logical conclusion for one assignee of part of a tort claim could urge with a great deal of force that since the other assignee was now in Honolulu with no present intention of returning, it would be most inequitable to force him to go to Hawaii in order to prosecute this action.

Motion for summary judgment granted as against the defendant, Higley.

---

\*Most of the authorities cited by plaintiff deal with causes arising *ex contractu.*