CURTIS FUNERAL HOME, INC., *v.* SMITH LUMBER COMPANY, INC.

November Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1945.

*Lee E. Emerson* for the defendant.

*Raymond L. Miles* and *Maxwell L. Baton* for the plaintiff.

MOULTON, C. J.   This is an action in contract.   The writ and the original declaration are dated August 13, 1942.   Upon motion and leave obtained an amended declaration was filed on February 23, 1944, to which the defendant demurred specially. The demurrer was overruled pro forma, and the cause has been passed to this Court, on defendant's exceptions, before final judgment in accordance with the provisions of P. L. 2072.

The declaration is long, but it is not necessary to recite it in detail for its material allegations may be briefly given.   Originally it alleged that on August 6, 1941, the defendant sold and agreed to deliver to the plaintiff a specified list of windows, window frames, sashes and trim, screens, doors, door frames, jambs and trim; that the agreement was modified from time to time, until the final date for delivery, December 1, 1941; that payment of the purchase price, $1359.94, was made by the plaintiff in two installments in accordance with the contract; that the defendant neglected to deliver certain enumerated items on or before December 1, 1941; and

that damage was suffered by its default. The amendment includes the above, and alleges that the defendant, before entering into the contract, was informed that the merchandise was wanted by the plaintiff to renovate and repair its buildings, so that it could be used as a place of business in the spring of 1942, that the plaintiff had engaged carpenters, plasterers, plumbers and electricians to work during the winter of 1941-1942, and had purchased and arranged to purchase lumber for interior decorating, plaster and plumbing and electric fixtures, and that the delivery of the merchandise to be furnished by the defendant was required to be made by December 1, 1941, in order to use the material and labor for which the plaintiff had arranged; that of the merchandise not delivered on that date, the plaintiff received, between September 26, 1941, and October 31, 1942, certain items consisting of weatherstrips and springs, storm sash, two sets of trim and one window sash, but by reason of the delay, it was obliged to and did expend a large sum of money in attempting to assemble and install the windows in connection with which these articles were required; that several described window frames were too large for the windows furnished with them, and that the plaintiff will be obliged to purchase new windows and employ carpenters to install them; that because of the defendant's default in failing to furnish windows in accordance with the contract, the interior work could not be completed, that the plaster and lime already purchased became hard and useless, necessitating the purchase of new plaster at an increased price, and that the plaintiff was forced to and did pay the carpenters a higher wage than it otherwise would have done.

The defendant's thesis regarding the first two grounds of the demurrer is that the amended declaration alleges three separate causes of action, for non delivery of part of the merchandise, for delay in delivering of part of it, and for delivery of certain window frames which were not of the dimensions specified in the contract; which is, in effect, that the declaration is bad for duplicity. Gould, Pleading, (4 Ed.) 205.

Duplicity is a defect of form and not of substance. *Johnson* v. *Hardware Mutual Casualty Co.*, 109 Vt 481, 489, 1 A2d 817. At common law this fault in a declaration could be reached only by a special demurrer. *Lewis* v. *Crane & Sons*, 78 Vt 216, 220, 62 A 60; 1 Chitty, Pleading (16th Am Ed) 252; Gould, Pleading, (4th Ed) 430, n. 1. But under our Practice Act, which provides

(P. L. 1578) that a pleading shall not fail for want of form and that the sufficiency of all pleadings in this respect is for the discretionary determination of the trial court, the function of a demurrer is to test the sufficiency of a pleading in matters of substance only. *Coburn* v. *Village of Swanton,* 95 Vt 320, 324-5, 115 A 153. The modern demurrer resembles the former special demurrer merely in that the Act (P. L. 1574, III) requires it distinctly to specify the reason why the pleading demurred to is insufficient. *Coates* v. *Eastern States Farmers Exchange,* 99 Vt 170, 177, 130 A 709. It follows that, in our practice, special demurrers as known in the common law have been impliedly abolished, and therefore duplicity in pleading, being, as we have seen, a defect in form, is to be reached by an appropriate motion under the provisions of P. L. 1578. A similar procedure obtains in other jurisdictions where special demurrers are no longer recognized. See *Ordinary of State* v. *Barnes,* 67 NJL 80, 50 A 903; *Gately* v. *Taylor,* 211 Mass 60, 97 NE 619, 39 LRANS 472, 474; *Rogers* v. *Smith,* 17 Ind 323, 79 Am Dec 483; *Nat'l Express Co.* v. *Burdette,* 7 App. D. C. 551, 558.

█ Under the circumstances, however, we treat the demurrer, in so far as it raises the question of duplicity, as if it were a motion under the statute, and had been regarded as such by the trial court. As it called for the exercise of discretion it was error to rule upon it pro forma. *Ainger* v. *White's Admx,* 85 Vt 446, 450, 82 A 666; *Fitzsimmons* v. *Richardson, Twigg and Co.,* 86 Vt 229, 236, 84 A 811. But in determining if the error is such as to require a reversal we may inquire whether there would have been an abuse of discretion if the trial court had held the declaration defective. *Russell* v. *Pilger,* 113 Vt 537, 553, 37 A2d 403. If, as a matter of law, it is not duplicitous there was no room for the exercise of discretion and the pro forma ruling will be affirmed.

█ A declaration is not objectionable for duplicity when it alleges in one count the breach of more than one obligation contained in a single contract. *Smiley* v. *Deweese,* 1 Ind 211, 27 NE 505; *Fisk* v. *Tank,* 12 Wis 276, 78 Am Dec 737, 740-1; *Western Union Tel. Co.* v. *Barbour,* 206 Ala 129, 89 So 299, 17 ALR 103, 107; *Probate Court* v. *Carr,* 20 RI 592, 40 A 844, 845; *Graham* v. *Louden,* 137 Me 48, 15 A2d 69, 70. "The union of claims for relief upon more than one issue, when all arise out of the same transaction, is a convenient and a generally satisfactory method of pro-

cedure. . . ." *Worth* v. *Dunn,* 98 Conn 51, 118 A 467, 471. In *United Surety Co.* v. *Summers,* 110 Md 95, 72 A 775, the action was upon a building contractor's bond, brought against the surety which had assumed the completion of the work after it had been abandoned by the contractor. In one count of the declaration it was alleged the defendant completed contract in an unskillful and unworkmanlike manner, using inadequate and insufficient materials in a negligent way, and unreasonably delayed the work so that it was not done in accordance with the specifications nor within the stipulated time. On demurrer that the count was bad for duplicity, it was held that only a single cause of action was set forth—the failure to complete the work properly within the prescribed time. (p. 780, 72 A).

In the present case the entire claim arises from the same contract and hence there is a single cause of action in which all resulting damages are to be assessed in one proceeding. *Louden Machinery Co.* v. *Day,* 104 Vt 520, 524, 162 A 370. And see *Moultrop* v. *Gorham,* 113 Vt 317, 320, 34 A2d 96. No new cause of action is introduced by amendment where the plaintiff adheres to the contract originally declared upon, but merely alters the modes in which the defendant has broken it. *Smith* v. *Badlam,* 111 Vt 328, 330, 16 A2d 182, and cas cit.

Another ground of demurrer is that the declaration contains no averment that the window frames, which are claimed to be too large for the windows, were not of the size ordered by the plaintiff. But the required dimensions of the frames and of the windows to be installed in connection with them are set forth in the recital of the terms of the contract, and so there is a sufficient allegation of the discrepancy in size.

The remaining ground of demurrer, briefly stated, is that by the amended declaration the plaintiff seeks to recover damages which have accrued since the date of the writ.

In an action for the breach of a stipulation contained in a contract of sale the buyer may recover such damages as directly and naturally result in the ordinary course of events from the seller's neglect to perform his obligation. *Copper Co.* v. *Copper Mining Co.,* 33 Vt 92, 99; P. L. 7992, II, 7994, VI. As in the case of other contracts the damages may be prospective, *Kerr and Elliott* v. *Green Mtn. Ins. Co.,* 111 Vt 502, 513, 18 A2d 164. Where special circumstances are known to the defaulting party to the con-

tract and may be supposed to have entered into the contemplation of the parties, damages growing out of such circumstances may be awarded for the contractor's breach. *Wolstenholme* v. *Randall and Bro.*, 295 Pa 131, 144 A 909, 911-912. Here there are averments of the defendant's knowledge of the purpose for which the plaintiff's building was intended, the time when it should be ready for use and the necessity of a timely delivery of the specified materials. Whether the damages sought are the direct and natural result of the breach alleged is, of course, a question of fact and not for determination on demurrer. See *Capital Garage Co.* v. *Powell*, 98 Vt 303, 309, 127 A 375. A declaration is not demurrable because the plaintiff claims too many items of damage. *Devino* v. *C. V. R. R. Co.*, 63 Vt 98, 103, 20 A 953; *Karnuff* v. *Kelch*, 71 NJL 558, 60 A 364, 365; *United Surety Co.* v. *Summers*, 110 Md 95, 72 A 775, 780.

*The pro forma judgment overruling the demurrer is affirmed and the cause remanded.*