Newport Savings Bank *v.* Warren F. Manley et al.

November Term, 1945.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed January 8, 1946.

*Alban J. Parker* for the plaintiff.

*Barber & Barber* for the defendants.

Moulton, C. J. This cause, which is an action to recover a balance claimed to be due upon a promissory note, has been passed to this Court before final judgment upon the plaintiff's exception to the overruling of its demurrer to the defendant's answer, as provided by P. L. 2072.

An adequate reason for sustaining the ruling lies in the fact that the demurrer does not specify the reason why the answer is insufficient, as required by P. L. 1574, III. The point does *not* appear to have been raised below and has not been briefed here, but we will affirm a ruling of a trial court upon any legal ground shown by the record. *New England Acceptance Corpora-*

*tion* v. *Nichols,* 110 Vt 478, 488, 8 A2d 665; *Butler* v. *Milton Co-operative Dairy Corporation,* 112 Vt 517, 518, 28 A2d 395.

■■ Furthermore, taking the issue as argued before us, the result is the same. The defense is based upon certain principles of the law of the State of New Hampshire, which are claimed to govern the plaintiff's right of action. The answer contains an averment of an obligation of the plaintiff, elsewhere alleged to have been unfulfilled, followed by the statement that the proposition of law is to be found in two cited decisions of the New Hampshire Supreme Court, and by a reference to particular sections of the statutes of that State. The plaintiff's contention is, in substance, that this is not a proper method of pleading the law of another state, which should be set forth in the answer, as held in *McCauley* v. *Hyde,* 114 Vt 198, 201, 42 A2d 482, and other cases, and is a mere conclusion of law and not an allegation of fact. But however indefinite or argumentative this averment may be, the fault is one of form and not of substance. Gould, Pleading, (4th Ed.) Chap III, § 30; and see *Sheridan* v. *Sheridan,* 58 Vt 504, 507, 5 A 494; *Woodward* v. *French,* 31 Vt 337, 344. Under our Practice Act the function of a demurrer is to test the sufficiency of a pleading in matters of substance only, and matters of form are left for the discretionary determination of the trial court. P. L. 1578; *Curtis Funeral Home, Inc.* v. *Smith Lumber Co., Inc.,* 114 Vt 150, 153, 40 A2d 531. In either view of the case no error appears.

*The judgment overruling the demurrer is affirmed and the cause remanded.*