CHITTENDEN COUNTY TRUST CO. *v.* ALBERT H. WAIN ET ALS.

(89 A2d 120)

February Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 6, 1952.

*Emerson & Knapp* for defendant Popielarczyk.

*George L. Agel* and *A. Pearley Feen* for defendants Poirier and Delorme.

*George R. McKee* for the plaintiff.

JEFFORDS, J.   The sole question in this case is the sufficiency of a bill in chancery.   Joseph P. Popielarczyk, one of the named defendants, and hereinafter called the defendant, filed an answer incorporating therein a plea and a demurrer under the rule.   A hearing was had on the demurrer which resulted in an order overruling the demurrer.   An exception was allowed to this order and the cause was passed to this Court for hearing and determination as provided by statute.

The material allegations in the bill are, in substance, as follows: In 1944 Peter and Mae Solomon gave a mortgage in the amount of $7,500.00 on certain real estate to the plaintiff.   The mortgage

contained an accrual clause by which the mortgage was to cover any other indebtedness of the Solomons to the plaintiff.

In 1947 the Solomons conveyed the property to the defendants Poirier and the latter assumed and agreed to pay the mortgage indebtedness to the plaintiff.

Later in 1947 the Poiriers conveyed the property to the defendants, Delorme, who in turn assumed and agreed to pay the mortgage indebtedness which at that time amounted to about $5,-000.00. On that same day, in order to obtain part of the purchase price, the Delormes borrowed from the plaintiff $5,500.00 and the plaintiff took a demand note for that amount signed by the Delormes and the Poiriers. The signers of the note and the plaintiff agreed that this loan to the Delormes would also be secured by the mortgage and that the total sum due thereunder would be approximately $10,500.00.

The Delormes conveyed the property to the defendant by warranty deed dated January 6, 1949. A certified copy of the deed is made a part of the bill, marked exhibit B, and attached thereto.

Paragraph 7 of the bill of complaint recites: "That at the time of the conveyance by the Delormes to Popielarczyk, described in the preceding paragraph, said Popielarczyk was advised of the indebtedness described in paragraph 4 hereof, and evidenced by the promissory note described therein, and of the amount thereof ($5,500.00 as above set forth) and, as a part of the consideration for the conveyance described in the preceding paragraph, the said Popielarczyk undertook and agreed to pay to the plaintiff that indebtedness; and that this agreement was incorporated into exhibit B, attached hereto, whereby the said Popielarczyk assumed and agreed to pay both the indebtedness to the plaintiff, secured by the mortgage, as described in paragraph 1 hereof, and the indebtedness to the plaintiff described in paragraph 4 hereof, in the total sum of approximately ten thousand three hundred five dollars."

Popielarczyk conveyed the property to defendant Wain by a warranty deed free of the $5,500.00 debt. It is alleged that no consideration was given for this deed and that the conveyance was made for the sole purpose of avoiding this debt and of putting the property beyond the reach of the plaintiff when the defendant had no other property which could be found out of which to satisfy the indebtedness owing by him to the plaintiff.

The plaintiff prayed that the defendant be ordered to pay to it the sum of $9,902.27; that the conveyance from Popielarczyk be declared null and void as to the plaintiff and that a writ of sequestration issue.

The material portion of exhibit B is as follows: "Free from every encumbrance; except said easement as to snow and rain and except a mortgage to the Chittenden County Trust Company in the approximate sum of ten thousand three hundred five Dollars ($10,305.00) which the said Grantee herein hereby assumes and agrees to pay as a part of the consideration of this deed and except a mortgage indebtedness in the approximate sum of seven thousand Dollars ($7,000.00) to the herein grantees."

The first ground briefed in support of the claim of error is because the plaintiff has not pleaded delivery of the deed from the Delormes to Popielarczyk although the plaintiff predicates its entire right of action on this deed as being the contract whereby Popielarczyk is alleged to have assumed the entire indebtedness represented by the original mortgage note and of the note later given.

This ground could be disposed of against the defendant because it was not set forth in the demurrer. Chancery Rule No. 20. But aside from the rule this ground is without merit. As we shall later see the plaintiff does not predicate its entire right of action on the deed above referred to. The sole case cited by the defendant in support of its claim of necessity of pleading delivery of the deed does not so hold and is not at all in point.

The next ground urged by the defendant seems to be, in substance, as follows: That because the note for $5,500.00 given by the Delormes to the plaintiff could not be secured as a debt under the mortgage given by the Solomons, this defendant cannot be obligated to pay it and that this mortgage upon which the plaintiff's rights are predicated is the only mortgage relied upon.

P. L. § 6706—I(c) which was in force at the time the mortgage was given is as follows: "When a bank takes an accruing mortgage, the only debt which shall be secured thereby or become a lien on the property described shall be the debt described in the mortgage and existing at the time of its execution and any subsequent direct indebtedness of the mortgagor to such bank." It is this

statute on which the defendant relies largely if not wholly in support of the ground just stated.

The plaintiff concedes that because of the statute the mortgage accrual clause could not be extended to cover the note given by the Delormes and the Poiriers. It says that it relies in this action not on the mortgage but upon the agreement of the defendant with the Delormes to pay the note and that it stands as a third party creditor beneficiary of this agreement.

The basis of the plaintiff's claim of right of recovery is set forth in paragraph 7 of its bill above quoted. It is apparent that it rests not on the mortgage but on the promise of Popielarczyk to the Delormes to pay not only the amount due on the original note secured by the mortgage but the amount due on the note subsequently given in the original sum of $5,500.00. The statute in no way bars an action on the promise to pay the latter amount. All that the statute does is bar this amount from being secured by the mortgage or from becoming a lien on the mortgaged property. The plaintiff stands as a party beneficially interested in the contract made by the defendant and the Delormes in respect to the amounts due on both the notes in question and has the right by a suit in equity to enforce the contract. *Green* v. *McDonald,* 75 Vt 93, 53 A 332.

The cases of *Lamoille County Savings Bank & Tr. Co.* v. *Belden,* 90 Vt 535, 98 A 1002, and *Strong Hardware Co.* v. *Gonyow,* 105 Vt 415, 168 A 547, relied upon by the defendant are of no help to him for the reason, if for none other, that they involve the foreclosure of mortgages.

The defendant in his reply brief says that because of the statement in paragraph 7 of the bill that the agreement as to the $5,-500.00 was incorporated in exhibit B that the exhibit is controlling when there is a conflict between the allegations of a bill and the text of the exhibit. He cites cases in support of this statement. He argues that because only a mortgage is mentioned in the exhibit he stands only as one who had assumed the mortgage and in a situation in which an accrual clause is used for securing the note in question. The language used in the exhibit does not produce the result claimed for it by the defendant as there is no real conflict between it and the allegations appearing in paragraph 7 of the bill. In the exhibit it is stated that the grantee, Popielarczyk, assumes

and agrees to pay the approximate sum of $10,305.00 which at that time represented the amount due on the two notes. True it is that the word "mortgage" is used in connection with this sum. But the language in the exhibit must be given a reasonable construction and it must be construed altogether, not by singling out one particular word. So construed, it must be taken to mean that the defendant assumed and agreed to pay the sum mentioned which represented amounts secured and unsecured by the mortgage. This is in substance the agreement set forth in paragraph 7. It is clear that the parties to the deed did not intend that the language used in the exhibit would bring about the result as claimed by the defendant, in effect, that he as the grantee could take advantage of the statute, and thus avoid payment of the $5,500.00 note.

The defendant says there was error in overruling his demurrer because of the failure of the plaintiff to sustain its allegation of fraud by pleading the facts of the alleged fraud.

It is alleged that the defendant conveyed the property to Wain without consideration for the purpose of avoiding his debt of $5,500.00 to the plaintiff when he had no other property to satisfy the indebtedness. These are sufficient allegations of fraud in law. *Vilas* v. *Seith,* 108 Vt 18, 22, 183 A 854.

The defendant claims error because no consideration is alleged for his claimed promise to assume and pay the $5,500.00 note. Consideration is alleged in paragraph 7 of the bill. The defendant seems to claim that consideration must be shown as coming from the plaintiff. No cases are cited in support of this claim and this point, if made, is not sufficiently briefed. However, as to lack of necessity for such consideration see 12 Am Jur, Contracts, § 277 and Ann 81 ALR at page 1279.

Other grounds are urged by the defendant in his brief in support of his claim of error which are not sufficiently briefed to warrant our attention or were not made as grounds of his demurrer so that both under Chancery Rule 20 and under our decisions they are not here for consideration.

*The order overruling the demurrer is affirmed.*