## Standard Register Company v. Nathan Greenberg

[132 A2d 175]

February Term, 1957.

Opinion Filed May 7, 1957.

*Theriault & Joslin* for the plaintiffs.

*Joseph W. Foti* (*Charles J. Adams* on the brief) for the defendant.

**Holden, J.** This action at law is founded in contract. It was instituted by the plaintiff in the Montpelier Municipal

Court. The defendant challenged the sufficiency of the complaint by demurrer. The demurrer was sustained and the plaintiff's exception to this ruling was passed to this court before final judgment under the provisions of V. S. 47, §2124.

The complaint sets forth that on May 5, 1954, Harold O. Taylor, Sr., of Woodsville, New Hampshire, the Downey Chevrolet Inc., a New York corporation with its principal business at Montpelier, and this defendant signed an agreement providing for the transfer of some of the assets of Downey Chevrolet, Inc. to Taylor, as provided in a certain written agreement which is referred to in the complaint and attached to it as "Exhibit A".

One paragraph of the agreement is also recited in the complaint itself;

> "The said Downey Chevrolet, Inc., and Nathan Greenberg jointly and severally consent and agree that they will hold Harold O. Taylor, Sr. harmless from any claim that may be now or hereafter asserted by the creditors of the said Downey Chevrolet, Inc."

The complaint alleges that the plaintiff furnished materials and supplies to Downey Chevrolet, Inc. in the period from February 26, 1954 to April 19, 1954, and by its claim here asserted, seeks recovery for the obligation of Downey Chevrolet, Inc. thus incurred. The complaint states, "Wherefore the plaintiff is entitled to payment of the same under the terms and conditions of the agreement hereto referred to and as set forth in 'Exhibit A' ".

In addition to the paragraph quoted in the complaint, the agreement contains this provision material to the rights of this claimant and liabilities of the defendant:

"The said Downey Chevrolet, Inc. agrees that upon the execution of this agreement it will assign to Nathan Greenberg its current accounts receivable due it as of the close of business of Downey Chevrolet, Inc. on May 5th, 1954 and the said Nathan Greenberg in further consideration of the agreement of the Downey Chevrolet, Inc. herein contained as further inducement to the said Downey Chevrolet, Inc. to

enter this agreement agrees that from the monies received from said Accounts Receivable or otherwise he will pay or cause to be discharged all claims of common creditors so-called of the said Downey Chevrolet, Inc. and hold the said Downey Chevrolet, Inc. harmless therefrom keeping and retaining any excess from the Accounts Payable to his own uses and purposes."

The demurrer of the defendant is asserted on two grounds; first, that the complaint fails to state a cause of action in favor of the plaintiff against the defendant, and secondly, that the complaint alleges no promise on the part of the defendant to pay the plaintiff's account.

The briefs submitted present three questions. The substance of the first question is: Does the attachment of the written contract, by reference and annexation as an exhibit to the declaration proper, render the instrument a part of the pleadings to provide the allegation of the fact of the contents of the contract?

■■■ The propriety of the plaintiff's attempt to incorporate into his complaint the written agreement by reference and attachment was not questioned by the defendant's demurrer. Under our Practice Act, the function of a demurrer is to test the sufficiency of a pleading in matters of substance only. *Coburn* v. *Village of Swanton,* 95 Vt 320, 324, 115 A 153; *Curtis Funeral Home, Inc.* v. *Smith Lumber Co.,* 114 Vt 150, 153, 40 A2d 531. In *Newport Savings Bank* v. *Manley,* 114 Vt 347, 348, 45 A2d 199, an answer that pleaded the law of New Hampshire by reference to two cited cases and to a particular section of the statutory law of that State, was held to be a defect in form only and not of substance. The method adopted by the plaintiff to bring before the court the contract relied on is a matter of form, and was within the discretionary control of the trial court when properly brought to its attention. *Curtis Funeral Home, Inc.* v. *Smith Lumber Co.,* *supra,* at 153; *Newport Savings Bank* v. *Manley, supra,* 348. It should be noted that the cases relied upon by the defendant to the effect that the complaint is unaided by the agreement referred to and attached to the complaint antedated the

enactment of No. 90 of the Acts of 1915, referred to as the Practice Act. See *Saxe* v. *City of Burlington*, [1898] 70 Vt 449, 452, 41 A 438; *Dickerman* v. *Vt. Mutual Insurance Co.*, [1894] 67 Vt 99, 100, 30 A 808, and *Estes* v. *Whipple*, [1840] 12 Vt 373, 376.

■ Inclusion of the exhibit as a part of the pleading does not appear to work any hardship on this defendant. Reference to the writing, coupled with its annexation to the complaint, brings the context of the agreement before the court as effectively as a recopy of the document verbatim, into the body of the complaint itself. Recognition was afforded to this method of pleading in *Chittenden County Trust Co.* v. *Wain*, 117 Vt 219, 222, 89 A2d 120, although the precise point was not raised. The rule permitting such method of pleading is accepted, with varying limitations, in numerous other jurisdictions. See 71 CJS, Pleading, §375, page 787; 41 Am Jur, Pleading, §§55 and 56, page 787. And even by rigid rules of common law pleading, a writing became a part of a declaration by profert and oyer, to be considered on demurrer. *Story* v. *Kimball*, 6 Vt 541, 544; *Morrill's Admx.* v. *Catholic Foresters*, 79 Vt 479, 486, 65 A 526. The written agreement of the defendant with Downey Chevrolet, Inc. and Taylor, exhibited with the complaint, is to be considered in determining the sufficiency of the plaintiff's pleading.

■ Such practice does not encroach on the established rule that specifications form no part of a declaration in general assumpsit as stated in *Butler* v. *Milton Co-op. Dairy Corp.*, 112 Vt 517, 518, 28 A2d 395; *Fuller* v. *Morrison*, 106 Vt 17, 19, 169 A 7. By paragraph 8 of Rule 11 of the Rules of County Court, a declaration in common counts constitutes a sufficient complaint and, standing alone, states a cause of action. Specifications are the creature of the court. *NY Central Railroad* v. *Clark*, 92 Vt 375, 377, 104 A 343. They are required by County Court Rule 17 to complement the general statement of a cause of action, to circumscribe the recovery sought on a broad and unrefined pleading in contract. See *Fuller* v. *Morrison, supra*, at page 20. The courts require their filing in limited actions of general assumpsit and account, in fair-

ness to the defendant, to prevent surprise and to insure that he will be informed of the nature of the obligation declared upon that he may be prepared to meet it at the trial. The office of specifications is not to assist the plaintiff in stating a cause of action but to aid the defendant. *Dupee* v. *Haynes Bros., Inc.,* 116 Vt 371, 373, 76 A2d 546.

The remaining questions developed are: "Is the plaintiff here a third party beneficiary under the contract of sale wherein the defendant was a party, and if so, what type of beneficiary is it?" and lastly, "May the plaintiff have an action against this defendant?"

■ Examining the complaint presented, supplemented by the written agreement that it incorporates, it speaks of two separate undertakings by the defendant. The first is an agreement by the defendant to indemnify Downey Chevrolet, Inc. and Taylor and save them harmless from claims by the existing creditors. The indemnities are extended to the persons to whom that promise was made. Their interest in the fulfillment of the obligation to indemnify is direct. Restatement, Security, §82, 1; 42 CJS, Indemnity, §§1 and 2, page 564; 27 Am Jur, Indemnity, §1, page 456. So far as the contract of indemnification is concerned, the interest of the plaintiff is collateral. By the long-established rule of this jurisdiction, the plaintiff's interest in that undertaking of the defendant cannot be enforced in this action at law. *Crampton* v. *Ballard's Admr.,* 10 Vt 251, 253; *Hall* v. *Huntoon,* 17 Vt 244, 251. The Legislature has determined that there be certain exceptions to this rule in actions arising from specific types of contracts of insurance. V. S. 47, §§8147, 9242. The contract upon which the plaintiff relies is not within the statutory exceptions indicated and therefore his action cannot be sustained on the undertaking to indemnify.

Beyond his agreement to indemnify, the last paragraph of the written agreement contains a second undertaking by the defendant. There, in express terms, he agrees that from the monies received from the accounts receivable or otherwise, he will pay or cause to be discharged all claims of common creditors of Downey Chevrolet, Inc.

Our cases have long recognized the right of one situated as the plaintiff is here, to maintain an action in his own name to recover payment due, even though the plaintiff was not a party to the contract upon which the undertaking is made. In *Phelps, Dodge & Co. v. Conant & Co.*, 30 Vt 277, the defendant received property from its debtor, Wheeler & Co., by an agreement that provided for the sale of the property at the instance of the defendants and from the proceeds of the sale the defendant agreed to pay the plaintiff and other creditors of the grantor, Wheeler & Co. The opinion by Redfield, Ch. J. states at 284: "The defendants having received Wheeler & Co.'s property, to convert into money, under a promise to pay the plaintiff's debt with those of certain other creditors of Wheeler & Co., and which they had converted into money, we regard the law as well settled, that the plaintiff may sue in their own names for the money. This is distinctly recognized in *Crampton v. Ballard* and this point of the decision is quoted by Chancellor Kent in his commentaries without question. The other cases referred to in the Vermont Reports adopt the same view."

■ The right is not impaired by what appears in *Green v. McDonald*, 75 Vt 93 at 97, 53 A 332, 333. The dictum appearing in that chancery proceeding was recited in the application of the equitable doctrine of subrogation on facts inconsistent with those presented by this complaint. See 3 Pomeroy's Equity Jurisprudence and related note on *Green v. McDonald*, §1207, note 1b, page 2891. Here, this right of action has its inception in a contract in which the plaintiff did not actively participate. Yet, as a creditor of the assignor promisee, the plaintiff's interest was real and rightful. The acceptance of the property sought to be assigned would create a consequent right in the plaintiff and would impose a concurrent duty on the defendant that rises above a contractual level to that incident to a trust relationship. *Deiter v. Scott*, 110 Vt 376, at 389; *Phelps, Dodge & Co. v. Conant & Co. supra;* 2 Williston on Contracts, §348, at page 1032.

By our cases, it is the transfer of the property and its

acceptance by the assignee with the attendant duty to the creditors that confers upon the creditor the right to an action at law.

■ To successfully maintain the action, the plaintiff must correctly and adequately state the facts essential to recovery of judgment. *Agosta* v. *Granite City Realty*, 116 Vt 526, 529, 80 A2d 534. By the language of the undertaking, it is contemplated that Downey Chevrolet, Inc. will assign its accounts receivable to Greenberg, and from the monies received, the defendant will pay common creditors. The underlying facts essential to invoke the defendant's obligation to pay, do not appear from the complaint or its supplementing exhibits. It fails to indicate that the defendant has in any way undertaken, even in part, the trust imposed by the contract, as was the case in *Deiter* v. *Scott, supra,* and *Phelps, Dodge & Co.* v. *Conant & Co.* The plaintiff simply states his claim has not been paid under the terms of the agreement exhibited. By the agreement, payment is not due until the assignment is accomplished. Without the statement of this essential allegation, the complaint does not state a right to payment. By sustaining the demurrer, the court correctly applied the law to the facts then before it, and its order is affirmed.

■ Final judgment in this cause has not been entered since the appeal came by way of V. S. 47, §2124. As there provided, it seems just to remand the cause to afford the plaintiff an opportunity to amend its complaint to supply the deficiency indicated if the facts justify such amendment. *Agosta* v. *Granite City Realty Co., supra,* at 530; *Brighton* v. *Charlestown,* 114 Vt 316, 333, 44 A2d 628; *Vilas* v. *Seith,* 108 Vt 18, 23, 183 A 854.

*Order sustaining the defendant's demurrer is affirmed and the cause remanded with permission to the plaintiff to make application to amend its complaint within thirty days after remand. If such application is not made, judgment will be entered for the defendant to recover his costs.*