## Lash Furniture Co. of Barre, Inc. v. Kenneth Norton et al

[196 A.2d 506]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Monti, Eldredge, Calhoun & Free* for the plaintiff.

*Black & Plante* for the defendants.

**Barney, J.** This case has already been before us in another connection, 123 Vt. 226, 185 A.2d 734. The present appeal is based entirely on the defendant's contention that the judgment order is not supported by the findings, which are unchallenged.

These findings indicate that the matter has its origin in the purchase by the defendant from the plaintiff of some dining room furniture. The items, consisting of a hutch cabinet, a server, six chairs and a table, were not in stock and had to be ordered from the manufacturer. At the time the purchase was made the defendant gave a fifty dollar down payment. Upon delivery of the furniture to the defendant's home, the items were accepted and a check for $268.00 balance given by the defendant's wife. After it had deposited the check the plaintiff was notified that the defendant had stopped payment on the check. This litigation eventually followed. The defendant has retained the furniture without further payment, and the plaintiff has retained the deposit. The trial disclosed that the defendant claimed that the furniture delivered did not conform to the order, and that only one of two leaves for the table had been delivered. In view of this fact, the trial court indicated in the findings that the plaintiff had promised to deliver to the defendant the additional leaf, which would then satisfy the court that the goods delivered conformed to the order.

Under 9 V.S.A. §1568, a court having powers of equity may require specific performance as a condition to the recovery of the price by the seller. But the jurisdiction of municipal courts in this state is limited on the civil side to actions at law. 4 V.S.A. §422. Thus, the trier's attempt to end the dispute by inspiring the completion of the transaction is unenforceable.

This very attempt demonstrates the shortcoming of the findings which makes them insufficient to support the judgment order. The goods delivered are found to amount to something less than the goods whose price is represented by the judgment. The trial court made a finding that the goods were delivered and accepted. This conclusion can be supported as to all but the insufficiency of the table as represented by the missing leaf. As to that, these same findings acknowledge that the missing leaf is essential to justify recovery of the full balance due.

The defendant seeks to find in the plaintiff's failure to deliver the second table leaf a justification for avoiding payment for the entire furniture order. As is pointed out in 3 Williston, Contracts (rev. ed. 1936) §719, p. 2050, in transactions of this type, each article is considered the subject of an independent sale. With the only shortcoming relating to the table and its second leaf, the defendant's right to contest payment, in view of the uncontested finding of acceptance, extended only to the incomplete item. See *Cushman* v. *Outwater*, 121 Vt. 426, 433, 159 A.2d 89.

The import of these findings is, further, that the defendant, while protesting that the table delivered was incomplete according to the order, has, nevertheless, retained the item along with the other items purchased and exercised dominion over it as his own. He has never called upon the plaintiff to take back any of the furniture delivered. The factual picture could undoubtedly have been further clarified if the defendant, in conducting his own case below, had elected to put on witnesses of his own or testify himself in his own behalf. He did not do so, leaving unchallenged the inferences properly to be drawn from the plaintiff's case. *Wright* v. *Shedd*, 122 Vt. 475, 478, 177 A.2d 240.

This left the issues pretty much as the trial court found them. The findings point out a shortage in delivery which should be credited against the obligation found to be owed by the defendant. He has elected to raise no other issue and has thereby foreclosed himself in that connection insofar as the rule stated in *Curtis* v. *Smith Lumber Co.*, 114 Vt. 150, 154, 40 A.2d 531, applies. He must, as that case says, present here all his claims arising out of this cause of action. *Moultroup* v. *Gorham*, 113 Vt. 317, 319, 34 A.2d 96.

Regrettable as it may be to have to remand this case for a second time, the present judgment cannot stand. The lower court must find the value of the goods actually delivered, including the table as furnished, and then render judgment accordingly.

*Judgment reversed and cause remanded.*

Justice Shangraw concurs in the result but would remand for a trial *de novo*.