**Robert G. LaDue v. Peter Sandrian et al**

[ 201 A.2d 884 ]

April Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed June 2, 1964

*Gerard Trudeau* for the plaintiff.

*Conley & Foote for the defendants.*

**Smith, J.** This is an appeal from the Addison County Court's granting the motion of the defendants to dismiss the action of the plaintiff on the ground that plaintiff's complaint was insufficient as a matter of law. At the same time, the county court denied the plaintiff's motion to amend his complaint.

The complaint of the plaintiff was contained wholly in the following language:

"Specifications: Balance due for building materials, equipment rental and labor rendered Defendants by Plaintiff at Defendants' request $587.81

Plus interest and costs."

An adequate summons was attached to the complaint. That portion of the complaint upon which is printed the common counts had been entirely deleted. The motion of the defendants to dismiss was predicated upon the grounds that the complaint of the plaintiff failed to state a cause of action, and that the same did not substantially comply with the laws of the State of Vermont relating to complaints in civil actions.

If the pleading in the record before us consisted only of the plaintiff's complaint and the motion of the defendants to dismiss, it might well be necessary for us to sustain the ruling of the trial court. Specifications form no part of a declaration in general assumpsit.

"Specifications are the creature of the court. They are required by County Court Rule 17 to circumscribe the recovery sought on a broad and unrefined pleading in contract. The courts require their filing in limited actions of general assumpsit and account, in fairness to the defendant, to prevent surprise and to insure that he will be informed of the nature of the obligation declared upon that he may be prepared to meet it at the trial. The office of specifications is not to assist the plaintiff in stating a cause of action but to aid the defendant." *Standard Register Co.* v. *Greenberg,* 120 Vt. 112, 116-117.

However, in the case before us, other pleadings were filed between the entering of plaintiff's complaint and defendants' motion to dismiss the same. The writ was entered in the Addison County Court on July 8, 1963. Defendants filed an answer to the complaint on July 22, 1963, and on July 31, 1963 filed a plea in set-off. The oral motion to dismiss was not made by the defendants until February 3, 1964.

A motion to dismiss for failure to state a claim upon which relief can be granted is authorized by 12 V.S.A. §1034 (6) under the heading of Dilatory Defenses. This section of the statutes was analyzed by Chief Justice Holden in the recent case of *O'Brien* v. *Comstock Foods,* 123 Vt. 461, at pages 466-467, 194 A.2d 568:

"He [the defendant] will be held to have waived a defense specified in subdivisions (2) to (6) inclusive, only if he failed to

include them in a motion or pleading at the time the objection was first available to him. Thereafter, omitted defenses within these categories are gone and cannot be introduced at a later time. The rule permits one preliminary motion before the answer, or the pleader may incorporate the subject of preliminary motions in his answer, but that is the limit of his opportunity to present dilatory matters."

This is also the established interpretation of the federal practice from which our statute is derived. Rule 12b of Federal Rules of Civil Procedure; see also 1A Barron & Holtzoff, Federal Practice and Procedure §§341, 343, 344.

■ Defendants here made no preliminary motion to dismiss the complaint, nor did they incorporate such motion in their answer. Their motion to dismiss, after their filing of an answer and a later filing of a plea in set-off, came at a time when their opportunity to make such defense under the statute had been lost, and they must be held to have waived such dilatory defense.

*The order dismissing the plaintiff's complaint is reversed and the cause is remanded.*