# STATE OF VERMONT

**SUPERIOR COURT**
**Rutland Unit**

**CIVIL DIVISION**
**Docket No. 54-1-10 Rdcv**

ORIGINAL PAPER
VERMONT SUPERIOR COURT
JUL 14 2011
RUTLAND

**GEICO Insurance Co.**
**Plaintiff**

v.

**Nancy and Thomas Bernheim**
**Defendants**

## DECISION
### Plaintiff's Motion for Summary Judgment
### Defendants' Motion for Summary Judgment

This matter is before the court on cross-motions for summary judgment. Plaintiff GEICO Insurance Co. ("GEICO") is represented by Antonin Robbason, Esq. Defendants Nancy and Thomas Bernheim are proceeding pro se.

### Background

Summary judgment is appropriate when there is the absence of a genuine issue of material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(c). The material facts here are not in dispute. The undisputed facts are as follows:

GEICO is Ms. Bernheim's auto insurer. Ms. Bernheim was involved in a collision with another car driven by Jennifer Warwick Sokolowski, who is insured by Liberty Mutual. As a result of the collision, Ms. Bernheim sustained injuries. GEICO paid her $10,000 (the policy limit) under the medical payments provision of her policy.

The medical payments provision of the Bernheims' insurance policy includes a subrogation clause. It states that once GEICO has made a payment under the coverage, it will be subrogated to the rights of recovery that the injured person may have against any person or organization. It goes on to state that the injured person "will do whatever is necessary to secure [GEICO's] rights and will do nothing to prejudice them."

On October 9, 2007, GEICO notified Liberty Mutual of GEICO's subrogation interest in this matter. GEICO, however, did not pursue any subrogation claim against Liberty Mutual. The statute of limitations on any claim by GEICO against Liberty Mutual ran on July 10, 2010.

The Bernheims made a claim against Ms. Sokolowski and Liberty Mutual. The Bernheims eventually settled for $30,000. As part of the settlement, the Bernheims executed a general release. The release specifically states that it is "inclusive of any liens,

1

including but not limited to the GEICO Insurance Company." The release does not differentiate between amounts paid for medical and other expenses.

## GEICO's Motion for Summary Judgment

GEICO moves for summary judgment on its claim that the Bernheims breached the insurance contract by settling with Liberty Mutual. GEICO alleges that the Bernheims "prejudiced" GEICO's rights by releasing Liberty Mutual, thereby breaking their contractual obligation to GEICO not to prejudice GEICO's right of subrogation. GEICO is correct that this action sounds in breach of contract rather than subrogation. Nevertheless, a discussion of the principles underlying subrogation is necessary to put GEICO's claim in the proper context.

Subrogation refers to the process by which an insurance company can seek to recover, from a third-party tortfeasor, payments made to its insured. The third-party tortfeasor can defend a subrogation action by pointing to any defenses it would have against the insured. *Utica Nat. Ins. Co. v. Cyr*, 2007 VT 134A, ¶¶ 8-9, 183 Vt. 564. A release given to the tortfeasor by the insured is one such defense. Because of the Bernheims' release of Ms. Sokolowski and Liberty Mutual, GEICO claims that it could not bring a subrogation claim and instead must sue in its own name.

There is, however, an exception to the general rule that a release will bar a subrogation claim. If the third-party tortfeasor has knowledge, either actual or constructive, of the insurer's subrogation right, then a release by the insured will not bar the insurer's subsequent suit for subrogation. See, e.g., *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 260 (2d Cir. 1999). GEICO no longer disputes that Liberty Mutual had knowledge of its subrogation right. Therefore, this exception would apply and GEICO would have a subrogation claim against Liberty Mutual. However, the analysis is complicated by the fact that the statute of limitations has now run and GEICO is time barred from pursuing an action against Liberty Mutual.

The Bernheims argue that GEICO's negligence in allowing the statute of limitations to run should also bar GEICO's present breach of contract claim. The Bernheims' theory is that because GEICO could have sued Ms. Sokolowski the Bernheims did not breach the contract in spite of the purported release. Under their theory, the release did not actually "prejudice" the rights of GEICO because Liberty Mutual was on notice of GEICO's subrogation rights when the release was executed.

This position finds support in a decision by the Iowa Supreme Court. See *Allied Mut. Ins. Co. v. Heiken*, 675 N.W.2d 820, 826 (Iowa 2004), *cited in Utica Nat. Ins. Co. v. Cyr*, 2007 VT 134A, 183 Vt. 564. The *Heiken* court states:

> However, if the insured can show that the exception to the general rule applies based on knowledge by the tortfeasor of the insurer's subrogation right at the time of the release and settlement, then the subrogation rights

of the insurer are not lost and the release does not operate as a breach of the insurance policy.

*Id.* The *Heiken* court concluded that an insurer could not pursue a claim against its insured when it maintained a subrogation remedy against the third-party tortfeasor. *Id.* at 830. *Heiken*, however, is not directly on point because of the statute of limitations issue present here.

If this court were to deny GEICO's claim against the Bernheims, GEICO would be left without a means of recovering the $10,000 it paid the Bernheims under the policy. Moreover, the Bernheims would be left with an unjustified windfall whereby they were able to collect both from GEICO and Liberty Mutual, possibly, at least in part, for the same injuries. This situation can be analogized to the issue of an insurer's waiver of its subrogation rights. Such a waiver will only be found where the insurer "specifically and unequivocally relinquished that right." *Lopez v. Concord Gen. Mut. Ins. Group*, 155 Vt. 320, 324 (1990). Although GEICO failed to pursue its subrogation claim against Liberty Mutual in time, it did not "specifically and unequivocally" give up its right of recovery. Because of the importance of subrogation claims, it would be inequitable to deny GEICO its one remaining avenue of recovery. See *Utica Nat. Ins. Co. v. Cyr*, 2007 VT 134A, ¶ 8, 183 Vt. 564 (asserting that "[s]ubrogation's importance to insurance law can hardly be overstated").

To the extent that the Bernheims have recovered twice for their injuries, GEICO is entitled to reimbursement of its payment. Otherwise, the Bernheims' double recovery amounts to unjust enrichment. See 16 L. Russ & T. Segalla, Couch on Insurance § 226:17 (3d ed. 2010) (available on Westlaw) (stating that an "insurer may be entitled to reimbursement under general equitable principles, especially if the circumstances support a finding that the insured's recovery from the tortfeasor, combined with its recovery from its insurer, amount to unjust enrichment").

Furthermore, GEICO's position finds support in the trustee theory of settlement proceeds. Under Vermont law, the Bernheims hold their recovery from Liberty Mutual in trust for GEICO to the extent of GEICO's payments for a portion of the loss. *Moultroup v. Gorham*, 113 Vt. 317, 320 (1943); see also *Allied Mut. Ins. Co. v. Heiken*, 675 N.W.2d 820, 830 n.7 (Iowa 2004) (acknowledging the possibility of a trust theory of recovery). The Bernheims' release of Liberty Mutual also specifically acknowledged GEICO's lien as to settlement proceeds. Under these circumstances, it would be inequitable to deny GEICO any recovery. GEICO, is therefore entitled to recover as a matter of law and summary judgment in its favor is appropriate.

Even if GEICO is entitled to recovery, the precise amount needs to be settled. Generally, the insured is entitled to deduct a proportionate share of costs and attorney's fees attributable to the recovery from the third-party tortfeasor. See 16 L. Russ & T. Segalla, *supra*, § 226:45. Vermont law supports the application of the common fund doctrine in this case. *Guiel v. Allstate Ins. Co.*, 170 Vt. 464, 469 (2000). As GEICO did not substantially participate in bringing about the settlement between the Bernheims and

3

Liberty Mutual, the Bernheims are entitled to deduct a proportionate share of reasonable litigation expenses from GEICO's reimbursement. The amount of such deduction remains to be determined.

## Bernheims' Motion for Summary Judgment

The Bernheims also move for summary judgment. They first argue that GEICO could have chosen to proceed against Ms. Sokolowski and Liberty Mutual but failed to do so before the statute of limitations expired. This argument was considered and rejected in conjunction with GEICO's Motion for Summary Judgment.

The Bernheims next argue that GEICO has not proven what portion of the $30,000 settlement between the Bernheims and Liberty Mutual compensated the Bernheims for their medical costs, the same costs covered by GEICO's $10,000 payment under the policy. The Bernheims are correct that GEICO is only entitled to reimbursement to the extent that GEICO's payment and the settlement covered the same costs. See 16 16 L. Russ & T. Segalla, *supra*, § 226:33 (discussing the requirement that insured's recovery must correspond to loss compensated by insurer in order for insurer to seek reimbursement from insured). However, the undisputed facts here show that the loss paid by GEICO was included in the Bernheim/Liberty Mutual settlement.

The settlement agreement specifically acknowledges GEICO's lien. This is strong evidence that the parties comprehended that the injuries GEICO had compensated under the medical payment provisions were included in the settlement. See 16 16 L. Russ & T. Segalla, *supra*, § 226:40 (evidence is sufficient to show loss paid by insurer included in settlement if parties understood that loss to be included in settlement). Furthermore, the settlement is phrased in general terms, releasing "any and all claims" against Liberty Mutual and its insureds. This is additional evidence that the loss paid by GEICO was included in the settlement. See *id.* (evidence is sufficient to show loss paid by insurer including in settlement when parties executed a general release encompassing the type of loss paid by insurer). The Bernheims have not demonstrated that their settlement agreement with Liberty Mutual limits the amount of GEICO's lien and therefore they are not entitled to summary judgment.

## ORDER

The Plaintiff's Motion for Summary Judgment is *granted*.

The Defendants' Motion for Summary Judgment is *denied*.

The court will schedule a status conference to determine whether the parties shall be required to mediate prior to an evidentiary hearing, and hearing needs.

Dated this 13th day of July, 2011.

Hon. Mary Miles Teachout
Superior Judge

4